Beck, J.
l. partner-^partnership utory^proceed! mgs. It is provided by tbe Revision, chapter 125, that when an execution is levied upon partnership property to satisfy the separate debts of a partner, and another partner asserts an equitable or other claim thereto, and notifies in writing the officer bolding tbe execution of such claim, tbe sale upon tbe execution shall be suspended, and the officer shall not deprive tbe parties of possession of tbe property, except for tbe purpose of making an inventory thereof and having tbe same appraised. Tbe execution shall be returned with tbe inventory and appraisement to tbe office from which it issued, and tbe return shall state tbe facts connected with the levy and tbe claim set up by the partner. Tbe execution creditor bolds a lien upon tbe *569 property levied upon, which continues until the levy is disposed of. IJpon the execution being so returned, “the execution creditor may proceed in an action by equitable proceedings to subject to the satisfaction of his execution the interest of the debtor so levied upon.” §§ 3287-3292.
These statutory provisions in no manner affect the rights of the partners or the creditor; they simply provide for the manner of the enforcement of a remedy before secured by the law against a partner for his separate debt. No relief can be given the creditor in the equitable action provided for, other or different than he would have been entitled to in such an action, before the statute, prosecuted by himself in a proper case, or by the partner of his debtor, or by the debtor himself, when either could resort to a court of . chancery to settle their respective interests in a case where the debtor partner’s interest is taken on an execution against him. The questions to be determined, and the relief to be granted in the equitable action, contemplated by the statute above cited, are those that relate to the interest of the debtor partner in the property seized upon execution, and the satisfaction, in a way authorized by the law, of the judgment by the sale of such property. By the proceeding the interest of the debtor partner in the property levied upon must be determined. His interest is measured by the rights of his copartner, who has a lien upon the property for the amount of his share and for moneys advanced by him beyond it for the use of the firm. Pearce v. Wilson, 2 Iowa, 20. His interest is also dependent upon the rights of the creditors of the firm, for they are entitled to be first paid from the partnership funds. Pierce v. Wilson, supra; Hubbard v. Curtis, 8 Iowa, 1.
The interest of the debtor partner can only be ascertained by determining the rights of the copartner and the indebtedness of the firm, which, it is evident, must be done in this proceeding. This, in the case of a levy of an exe *570 cution against the debtor partner upon the firm property, is within the ordinary jurisdiction of equity, which is necessary to be exercised for the protection of all parties concerned, the creditors, the partners and the purchaser upon the execution. 1 Story’s Eq., § 678. In this proceeding it is very clear that the court must, in order to determine the interest of the debtor partner, ascertain the interest and claims of his copartner and the indebtedness of the firm, and, in order to do so, may require necessary parties to be brought in and answer in the .proceeding. Having acquired jurisdiction of the matters involved and of the persons interested, in order to avoid multiplicity of suits, the court may proceed, after having declared the interest of the debtor partner, to grant full relief to all parties by declaring and enforcing their respective rights. It may direct the sale of the property levied upon and en-' force the delivery of its possession to the officer. The interest to be acquired by the purchaser maybe determined and all other matters settled, to the end that justice may be done and future suits prevented. In cases demanding it, the .partnership may be fully settled and wound up, though this may not be necessary in all cases. In short, the court is authorized to ascertain the rights of all the • parties interested and, by its decree, do justice between them.
The conclusions of the referee, which were adopted and confirmed by the court, are not in accord with the foregoing views. The interest of the debtor partner was not determined farther than that he was an equal partner with Lewis, and entitled to one-half interest in the property levied upon. No finding appears as to the debts of the firm, a matter very necessary to determine the real interest of Haines. The decree in no manner settled the rights of creditors of the firm, or the interest a purchaser would acquire in the property. It left all those matters just as unsettled and uncertain as they were before the proceed- *571 hogs were instituted. It appears from the record of the evidence that the partners refused to state the amount or character of the indebtedness of the firm. The court possessed the power to draw from them evidence upon this point, and should have exercised it.
3. exemption: right!ro The conclusions of the referee, that the voluntary surrender of the property by Haines upon the execution preeludes him from setting up that it is exempt because it is of the character of tools with which he earns his living, in our opinion is correct.
The conclusion of fact concerning the property levied upon, which is claimed to have been sold before the levy, cannot be supported. The evidence discloses the fact that a part of it at least was sold before the levy, and it is difficult to see how the firm could have been held liable therefor. The creditor acquired a lien upon the property levied upon, which belonged to the firm; the court may properly enforce that li’en, and doubtless, th% firm, if by its act the lien was defeated and the property lost or put beyond the reach of the lien, would be liable for its value.
The decree is reversed and the cause remanded to the district court for proceedings not inconsistent with this opinion. The cause wifi be tried anew and the parties, if they so elect, will be allowed to amend their pleadings.
Reversed.