## ANGELL v. JOHNSON ET AL.

1. **Exemption:** WAIVER OF RIGHT: ESTOPPEL. Where the owner of exempt personal property is present when a levy is made thereon, and permits the property to be taken without objection, he will be deemed to have waived his right of exemption, and will be estopped from afterward asserting the same.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, SEPTEMBER 19.

ACTION to recover possession of an organ, which was claimed to be exempt from execution. The defendant Johnson is a constable, and, by virtue of an execution in his hands, levied on the organ in question. There was a trial by jury. Verdict and judgment for the plaintiff. The defendants appeal.

*M. P. Hathaway,* for appellants.

*Brown & Wellington,* for appellee.

SEEVERS, J.—There was evidence tending to show that the plaintiff, although present, and fully advised in the premises, at the time the levy was made, did not claim the organ to be exempt from the levy. The constable testified that he made the levy because no claim of exemption was made. The defendants asked the court to instruct the jury that, "to entitle the judgment debtor to insist that property shall not be taken under execution, because the law exempts it, he must claim the exemption at the time of the levy. If he acquiesces, makes no claim, though present, neglects to assert his rights then, and voluntarily surrenders the property, he will be estopped from afterward asserting the exemption." This instruction was refused.

*1. EXEMPTION: waiver of right: estoppel.*

In *The State ex rel. Haven v. Melogue et al.*, 9 Ind., 196, it is said, "the exemption is a personal right which the debtor may waive or claim at his election."

The finding of the referee in *Richards, Crumbaugh & Shaw v. Haines*, 30 Iowa, 574, was that "the property seized was delivered to the sheriff by Haines without making any claim that it was exempt from execution," and it was held that Haines could not afterward insist on such right. The language of the statute is that the debtor "may hold exempt from execution" certain specified property. Code, § 3072.

We are of the opinion the debtor cannot stand by, see and know the levy is about to be made, and afterward claim the exemption. He must at the time, in some manner, indicate to the officer his purpose to claim the property as exempt. That the exemption is personal there can be no doubt. That it may be waived is equally clear. By making the levy the officer incurs responsibility, and expenses are incurred. This can be avoided if the claim is made before the levy.

The instruction should have been given. It is not insisted by counsel for the appellee that the instruction should have been in any respect qualified, or that it is not applicable, but that it is not the law. It being insisted that there is

a difference between voluntary surrender of the property and an acquiescence in the levy and taking possession by the officer, the only distinction is that the one is active and the other passive. The same results, however, follow both, and they are equally within the law of estoppel.

REVERSED.