## GREEN v. BLUNT ET AL.

1. **Principal and Surety:** ABANDONMENT OF LEVY: RELEASE OF SURETY. Where there was judgment against a principal and surety, and execution had been levied on exempt property of the principal, to which levy the principal objected, and the judgment creditor thereupon ordered the property released and the levy discharged, *semble* that such act of the judgment creditor did not discharge the surety.

2. **Execution:** EXEMPTION: WAIVED IF NOT ASSERTED: EVIDENCE CONSIDERED. Where exempt property of an execution debtor has been levied upon, he must, in some way, indicate his intention to rely on his right to hold the property as exempt; otherwise he will be deemed to have waived such right; but upon consideration of the evidence in this case, it was *held* that the execution defendant had sufficiently asserted his intention to hold the property as exempt.

*Appeal from Fayette Circuit Court.*

THURSDAY, JUNE 15.

ACTION IN CHANCERY. Upon a trial on the merits plaintiff's petition was dismissed; he now appeals to this court.

*Ainsworth & Hobson,* for appellant.

*J. H. Rodgers & Son,* for appellee.

BECK, J.—I. The petition alleges that defendant, Blunt, recovered a judgment against one Ballard as principal, and plaintiff as surety, wherein an execution was issued which was levied upon a span of mules, a set of double harness and a wagon, all the property of Ballard; that Blunt, without plaintiff's consent, ordered the release of the property and the

discharge of the levy; that Ballard is insolvent and that sub-
sequently Blunt caused another execution to be issued, which
is in the hands of defendant, Farr, for service. Plaintiff
claims that on account of the levy of the execution and the
discharge thereof he is released.

It is pleaded and shown by Blunt that the first execution
was levied upon the mules and other property without his
consent or direction, and that all of the property was exempt
from execution, being the team, wagon, etc., by the use of
which Ballard habitually earned his living. It is further
pleaded and shown that the property was mortgaged, and was
not, therefore, subject to the execution. But it is claimed by
the plaintiff that the levy was valid and bound the property,
for the reason that Ballard waived the exemption by failing
to set it up and object to the levy on the property at the time,
and that the levy was made with the consent of the mort-
gagee.

II.   That the property was exempt from the execution is
not a matter of dispute. The question in issue is, did Bal-
lard waive the exemption by assenting thereto or by failing
to interpose objection to the levy on the ground of the ex-
emption?

It was the duty of Ballard, did he intend to rely upon his
right to hold the property exempt from the execution, to in-
dicate in some manner his purpose to do so. If he failed to
make such a claim he cannot afterwards set it up. *Rich-
ards, Crumbaugh & Shaw v. Hains,* 30 Iowa, 574; *Angell
v. Johnson,* 51 Id., 625.

We think the preponderance of the evidence supports the
conclusion that Ballard did object to the levy upon the prop-
erty and set up a claim based upon the exemption. He so
testifies positively. The sheriff states that Ballard, when the
levy was made, went away saying, " I will go and see about
it, or I will go and see an attorney about it." Another wit-
ness who was present at the time of the levy, states that Bal-
lard went away but made no declaration or statement. Con-

sidering the statement of the sheriff alone, we are warranted in the conclusion that Ballard indicated his objection to the levy. His declaration that he would see about it, or see an attorney about it, expressed the thought that he did not intend to abandon his rights and did intend to stand upon them. His positive testimony leaves no doubt in our minds upon this question. The case, we think, is not within the rule of the decisions above cited.

We need not inquire whether the mortgagee assented to the levy. As it could not stand for the reason that the property is exempt, Blunt was authorized to discharge it.

The judgment of the Circuit Court must be

AFFIRMED.