## MOFFITT v. ADAMS, SHERIFF.

1. **Execution**: EXEMPTION: WAIVED IF NOT ASSERTED. An execution debtor who stands by while the sheriff levies an execution on his exempt property, and does not then and there in some manner indicate to the officer his purpose to claim the property as exempt, is estopped to assert such claim in a replevin suit afterwards brought against the officer to recover the possession of the property.

*Appeal from Keokuk Circuit Court.*

WEDNESDAY, DECEMBER 6.

THIS is an action of replevin for two horses and harness, and a wagon, which it is alleged the defendant, as a sheriff, siezed under an execution against the plaintiff. The plaintiff alleges that the property is exempt from execution. The defendant admits the levy upon the property, and alleges a want of knowledge as to the allegations of the petition, and avers that at the time of the levy the plaintiff did not claim that the property was exempt from seizure on execution, and that he is estopped from making such claim now. The court found for the plaintiff. The defendant appeals. The material facts are stated in the opinion.

*Mackey & Mackey* and *Bolton & McCoy*, for appellant.

*Woodin & McJunkin* and *M. C. Musgrove*, for appellee.

DAY, J.—The plaintiff, who is the head of a family, claims that the property in question is exempt from execution, under the provisions of section 3072 of the Code. The defendant insists that the plaintiff failed to claim the property as exempt at the time of the levy, and that therefore he is now estopped to insist upon the exemption. The evidence tends to show that when the officer came to levy upon the property, the plaintiff told him that "he ought not to take it, for he, (plaintiff,) had use for it all the time, and it was not right." Upon cross-examination the plaintiff testified that he told the sheriff to levy upon all that belonged to him, but from the connection in which this testimony occurs, we think this direction was given after the levy upon the team and wagon. The defendant relies upon *Angell v. Johnson et al.*, 51 Iowa, 625. Under the doctrine of that case we think the plaintiff is estopped to insist upon the exemption. In that case it is said that the debtor, in order to avoid a waiver of the exemption, must at the time of the levy, if present, "in some manner indicate to the officer his purpose to claim the property as exempt." What the plaintiff in this case said at the time of the levy does not indicate such purpose.

In *Green v. Blunt*, 59 Iowa, 79, it appears that the execution defendant testified positively that he objected to the levy, and set up a claim to the property based upon exemption. Because the plaintiff at the time of the levy did not make any claim that the property in question was exempt from execution, he cannot now recover. We do not, in the view we have taken of the case, deem it necessary to determine whether or not the property was in fact exempt.

REVERSED.