## ELLSWORTH v. SAVRE.

1. **Execution**: LEVY ON EXEMPT PROPERTY: WAIVER AND ESTOPPEL BY FALURE TO OBJECT: FACTS NOT CONSTITUTING. Under § 3072 of the Code, as amended by chapter 49, Laws of 1882, an execution defendant does not waive his right to hold property exempt from execution by failing to assert his claim when he learns of its seizure, unless the officer requires him to designate the property which he claims as exempt; nor does such silence work an estoppel, where it is not shown what, if any, expense was incurred by the officer in the keeping and sale of the property. *Angell v. Johnson*, 51 Iowa, 625, and *Moffitt v. Adams*, 60 Id., 44, distinguished.

*Appeal from Worth District Court.*

THURSDAY, DECEMBER 10.

THE plaintiff is the head of a family, and he claims in this action that in February, 1884, he was by occupation a farmer, and that the defendant, who is sheriff of Worth county, levied an attachment and an execution upon a horse, a wagon and harness, the property of the plaintiff, and which were exempt from execution. He brought this action in the form of an action of replevin. The property was not delivered to the plaintiff, but was sold at sheriff's sale by the defendant. The defendant denied that the plaintiff was a farmer, and claimed that the property was subject to levy upon said writs. He further claimed that the plaintiff was present when the property was seized by the defendant, and made no claim that it was exempt, and delayed making such claim for two weeks, and that he thereby waived any claim to the alleged exemption. There was a trial to the court, and a judgment for the plaintiff for the value of the horse, and a judgment for the defendant for the other property. Defendant appeals.

*Blythe & Markley*, for appellant.

*Glass & Hughes*, for appellee.

ROTHROCK, J.—There was some controversy at the trial upon the question as to whether the plaintiff was a farmer. The court must have been of the opinion that the evidence did not show that to be his .occupation, because none of the property but the horse was held to be exempt. Under section 3072 of the Code, the head of a family is entitled to hold one horse as exempt, without regard to his occupation.

The only question in the case is, did the plaintiff, by his acts at and after the property was seized, waive his right to hold the horse exempt from seizure upon the writs? It appears that immediately after the levy the defendant informed the plaintiff thereof, and he made no claim of exemption, and he failed to assert such claim for some two weeks after the levy. Under the rule in the case of *Angell v. Johnson*, 51 Iowa, 625, this would be a waiver of the exemption. See, also, *Moffitt v. Adams*, 60 Iowa, 44. But section 3072 of the Code, under which those decisions were made, was amended by chapter 49 of the Acts of the Nineteenth General Assembly (1882) as follows: " Any person entitled to any of the exemptions mentioned in this section does not waive his rights thereto by failing to designate or select such exempt property, or by failing to object to a levy thereon, unless failing or refusing so to do when required to make such designation or selection by the officers about to levy." It was therefore the duty of the sheriff, when he reported the fact of a levy to the defendant, to require him to make a selection of any property that he claimed to be exempt.

It is claimed, however, that the plaintiff is precluded by the law of estoppel from making the claim, because he remained silent for two weeks, and thus allowed the sheriff to incur expense in keeping the property and advertising it for sale. If failure to make the claim can work an estoppel under the statute as amended, (a question we do not determine,) it can have no such effect in this case. It is not shown what, if any, expense was incurred by the defendant in keeping the property, and the return of the sheriff shows that

it was not advertised for sale until after notice of plaintiff's claim. The levy was made on the eighteenth of February, and the notice of sale was given on the second day of April. We think the judgment of the court below ought to be

AFFIRMED.