**In re Donald Lee HOFFNER, Debtor.**

**Donald Lee HOFFNER, Plaintiff,**

**v.**

**John SCHABER and Sheriff Jack Coussons, Defendants.**

**Bankruptcy No. 7–85–01394 ML.**
**Adv. No. 86–0041 M.**

United States Bankruptcy Court, D. New Mexico.

Dec. 10, 1986.

Peter A. Keys, Silver City, N.M., for plaintiff.

Edward L. Hand, Deming, N.M., for Schaber.

Kent Cooper, Deming, N.M., for Coussons.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on October 2, 1986, for trial on the merits of debtor's complaint for declaratory judgment and equitable relief. At that time, the Court ordered the complaint dismissed with prejudice as against Sheriff Coussons. The only issue remaining is the legal effect of the document executed by debtor purporting to withdraw debtor's waiver of exemption and release of property.

On September 3, 1985, a writ of execution was delivered to the Luna County Sheriff's Office for service on debtor Donald Lee Hoffner, which writ of execution was based on a judgment obtained by John Schaber ("Creditor"). Service of the writ was made on debtor on September 25, 1985, when he came into the Sheriff's Office. During the course of this visit, Sheriff Coussons discussed with debtor the writ of execution and exemptions available to him under state law, following which debtor voluntarily executed a document waiving his vehicle exemption and releasing his 1973 Escapade motor home to the Luna County Sheriff's Office for levy to satisfy the judgment on the writ of execution ("Waiver and Release"). Instead of remov-

ing the motor home from its location on that day, Sheriff Coussons agreed to let debtor have a couple of days to remove his possessions.

The following day, September 26, 1985, debtor returned to the Sheriff's Office with an executed document purporting to withdraw the Waiver and Release ("Withdrawal of Waiver"). Then, on September 27, 1985, debtor executed a document noticing his intent to claim a personal property exemption in lieu of a homestead exemption and describing his personal property and its value ("Notice of Intent"). On October 2, 1985, the Sheriff's Office removed the motor home from its location on the property of Nancy Ann Nunn.

Debtor filed his chapter 7 bankruptcy petition on October 16, 1985. On November 12, 1985, debtor filed his schedules claiming the 1973 Escapade motor home exempt under the § 522(d)(1) federal homestead exemption.

Debtor first maintains that the September 26 Withdrawal of Waiver is effective to negate the September 25 Waiver and Release. Debtor then argues that the Notice of Intent is invalid and that he should be allowed an exemption in the motor home as his homestead. As grounds for this, debtor asserts that the Notice of Intent to claim a personal property exemption in lieu of a homestead exemption is by its own terms only valid where debtor does not own a homestead.

Conversely, creditor argues that the Withdrawal of Waiver was legally effective and that the Notice of Intent is valid because debtor understood the process by which he claimed an exemption of personal property in lieu of a homestead exemption.

The Court must address itself to two questions in order to resolve the present dispute. First, the Court must determine the legal effect of the Withdrawal of Waiver. Second, if the Withdrawal of Waiver is held to be ineffective, the Court must determine if a debtor can claim a homestead exemption on particular property where he has previously waived a vehicle exemption on the same property and where the creditor has acted in reliance on the first waiver of exemption.

■ As to the first issue before it, the Court finds that the Withdrawal of Waiver is not effective in rendering debtor's Waiver and Release inoperative. Existing case law suggests that where a debtor, present at the time of levy on his property, executes a document, waiving a claim of exemption, the debtor is later estopped from asserting that same claim or withdrawing the waiver. *See Angell v. Johnson*, 51 Iowa 625, 2 N.W. 435 (1879). The debtor must, at the time of levy

> in some manner, indicate to the officer his purpose to claim the property as exempt. That the exemption is personal there can be no doubt; that it may be waived is equally clear. By making the levy the officer incurs responsibility, and expenses are incurred. This can be avoided if the claim is made before the levy.

*Angell*, 2 N.W. at 436.

Here, the officer levied on the motor home on September 25, 1985, the date on which the Waiver was executed by debtor, even though actual physical possession of the motor home was not had until a later date. The delay in the taking of physical possession was merely for the convenience of debtor. The withdrawal of waiver was not given to the Sheriff's Office until the next day. However, even if the exemption had been effective, when debtor filed bankruptcy he applied his motor vehicle exemption under § 522(d)(2) to a 1959 Ford truck. Thus, regardless of whether the Withdrawal of Waiver was effective, debtor waived his vehicle exemption on the 1973 Escapade motor home.

■ As to the second issue, it is the view of this Court that a debtor cannot waive an exemption on property as a motor vehicle and later be heard to claim a homestead exemption on that same property, particularly when a creditor has acted in reliance on that waiver. It would be inequitable for this Court to allow a debtor to waive an exemption on particular property, stand by

while a creditor takes possession of that property and then select a different exemption under which to reclaim the property. A debtor must determine how he will classify his property for exemption purposes and stick to that determination.

Therefore, this Court finds that debtor is not entitled to claim his 1973 Escapade motor home exempt as a homestead under § 522(d)(1).

This memorandum constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052

An appropriate order shall enter.