ROBERT ANDERSON v. SAMUEL W. ODELL, GARNISHEE OF EDGERTON R. SMITH, FRANKLIN D. GALE AND DELL GALE.

*Garnishment—Assignment of exempt property.*

Garnishment process will not reach personal property assigned by the principal debtor, if in his hands it would have been exempt from execution.

Creditors cannot attack the transfer of property which the law would not have allowed them to apply on their claims, whether it be real or personal.

Error to Muskegon. (Russell, J.) Oct. 3.—Oct. 17.

GARNISHMENT. The garnishee brings error. Reversed.

*Keating & Dickerman* for appellant. A garnishee can be charged only for such property as is liable to execution: Drake on Attachments (6th ed.) §§ 463, 480; *Clark v. Averill* 31 Vt. 512; *Winterfield v. Mil. & St. P. Ry. Co.* 29 Wis. 589; if he allows judgment to be entered against him for exempt property, it will not protect him: *Lock v. Johnson* 36 Me. 464; *Pierce v. Chic. & N. W. Ry.* 36 Wis. 283; if a garnishee has a valid lien on the defendant's property in his possession the creditor cannot take it: Drake on Attachments § 533; *Nathan v. Giles* 5 Taunt. 558; *Kirkman v. Hamilton* 9 Mart. (O.S.) 297; *Nolen v. Crook* 5 Humph. 312; *Smith v. Clarke* 9 Ia. 241.

*Campbell & Allen* for appellee.

CAMPBELL, J. Defendant was sued as garnishee of defendants in the principal case, and the ground of liability was based on a claim that certain personal property which they had assigned to him was assigned in fraud of creditors. While some other questions may have had weight in the case, the principal one, which probably would have controlling influence, arises out of a claim of exemption. The property was of such a nature as to be subject to exemption if retained by the assignors, and the court below so held. But it was also held that the exempt quality was lost by the transfer, and creditors who could not reach it before, could do so after.

We do not think this doctrine is tenable. Creditors have no right to complain of dealings with property which the law does not allow them to apply on their claims. So long as the statutory amount of exemption is not exceeded, there can be no appreciable reason why the property cannot be converted or exchanged. There is difficulty in understanding how a creditor can first become entitled to reach his debtor's property the moment it ceases to be his property. In *Smith v. Rumsey* 33 Mich. 183, this very question arose concerning a sale of exempt homestead property, and we held creditors were not authorized to attack it. The same principle applies, as we think, to any exempt property. We

can see no ground for a distinction between realty and personalty.

The ruling was erroneous. The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.