ELISHA BUCKLEY v. OBED WHEELER AND THOMAS T. ELLIOTT.

*Debtor's absolute control of exempt property.*

1. A debtor can do what he pleases with any of his property that is exempt from execution, and his disposition of it cannot subject it to execution or affect the exemption.

2. The purchaser of goods exempt from execution obtains a title which overrides the lien of any subsequent attachment levy, and indeed of any previous levy unless it be for unpaid purchase money; and the title cannot be destroyed by subsequent admissions or acts of the debtor.

Error to Berrien. (A. J. Smith, J.) Oct. 17.—Oct. 31.

REPLEVIN. Plaintiff brings error. Reversed.

*Geo. S. Clapp* and *Geo. W. Bridgman* for appellant. The purchaser of goods exempt from execution can hold them against any levy of attachment whether made before or after: *Rosenthal v. Scott* 41 Mich. 632; *Waite v. Mathews* 50 Mich. 393; the sale is not in fraud of creditors: *Smith v. Rumsey* 33 Mich. 183.

*James A. Kellogg* and *O. W. Coolidge* for appellees. A debtor's right of exemption is a mere personal privilege of which no one can claim the benefit but himself: *Mickes v. Tousley* 1 Cow. 114; *Earl v. Camp* 16 Wend. 571; *Smith v. Hill* 22 Barb. 660; Thompson on Homesteads § 820; *Butt v. Green* 29 Ohio St. 670; nor can the owner of

* Continued from Vol. 51.

52 MICH.—1

property levied upon transfer, subsequent to the levy, to a third party his exemption right, so as to defeat the claim of an attachment or execution creditor in an action by the purchaser against him : *Conley v. Chilcote* 25 Ohio St. 324; *Vanderhorst v. Bacon* 38 Mich. 669; whenever a levy has been made upon property notoriously in the possession of the debtor, and without any notice whatever, actual or constructive, of any sale of the property, the duty devolves upon the purchaser under the statute of showing that he was a bona fide purchaser: Bump on Fraudulent Conveyances 132, 134; *Stoddard v. Butler* 20 Wend. 507; Benj. Sales 697; Comp. L. § 4703.

CAMPBELL, J. Buckley replevied certain goods which had been attached on the 4th of October, 1878, at the suit of Wheeler against Alonzo L. Blake. On the same 4th of October Buckley obtained from Blake a chattel mortgage and, as he claims, a bill of sale of the attached goods. There was a dispute as to priority of date between these papers and the levy. The goods were all exempt from execution, but there was evidence tending to show that a part of them had been sold on credit by Wheeler to Blake, and were not paid for.

The charge of the court made the priority of the rights of the parties depend upon their priority in time. There was no testimony to impugn the interest of Buckley to some extent at least, and we can see no reason why there could be allowed any complete disregard of it. But the main question is the one referred to.

It has been repeatedly held by this Court that a debtor may dispose of his exempt property as he pleases, and such disposal cannot subject it to execution or affect the exemption. Buckley's claim, whether under sale or mortgage, was superior to the attachment levy except so far as this levy may have included property sold by Wheeler the purchase price of which was involved in the attachment suit. If prior to the attachment levy, it would, of course, be

superior as to all the property. And if Buckley held, as is unquestioned, any title or lien, Blake could not destroy it by his admissions or acts thereafter.

We do not think it necessary to discuss any other questions.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.