Robert P. Emerson v. Adolphus N. Bacon et al.

*Disposition of property exempt from execution.*

Attachment will not run for property exempt from execution, such as a horse, wagon and harness used in defendant's business and transferred by him to a third person whether absolutely or by way of security.

Error to Kent. (Montgomery, J.)   Nov. 11.—Nov. 19.

Replevin.   Defendants bring error.   Affirmed.

*Peter Doran* for appellants.

*N. A. Fletcher* and *Geo. P. Wanty* for appellee. Creditors

have no right to complain of dealings with property which the law does not allow them to apply on their claims : *Smith v. Rumsey* 33 Mich. 183 ; *Dart v. Woodhouse* 40 Mich. 399 ; *Rhead v. Hounson* 46 Mich. 247 ; *Anderson v. Odell* 51 Mich. 492.

CAMPBELL, J. Plaintiff replevied a horse, lightning-rod wagon and harness from defendants, worth less than $200, which they held under an attachment levy against one Waldo E. Hill. Plaintiff held under a bill of sale from Hill, prior to the attachment which he claimed was absolute, but which there was some evidence to show was held as security. The debt due plaintiff, whether paid or secured, was largely in excess of the value of all the property transferred. Plaintiff lent the property to Hill, who was using it in his business of selling and putting up lightning-rods when it was attached.

There are several questions presented by the record, but most of them become immaterial in view of the fact that if this property was Hill's, it was used in his business and was exempt from execution, so that his creditors could not complain of any disposition he made of it. *Buckley v. Wheeler* 52 Mich. 1. This being so, plaintiff's right, whether absolute or as security, was such that the attachment could not prevail against it, and the court below so held.

The other questions need not be considered.

The judgment must be affirmed.

MORSE, C. J. and CHAMPLIN, J. concurred. SHERWOOD, J. did not sit in this case.