D. A. CHENEY, APPELLANT, *v.* WHITE CALDWELL, SHERIFF, RESPONDENT.

[Submitted June 9, 1897.   Decided June 30, 1897.]

*Exemption—Right of as to Mortgaged Property.*

1.  The fact that the owner has mortgaged certain chattels, does not constitute a waiver of his right to claim that they are exempt from attachment for other demands against him.
2.  Section 3869 Civil Code, which permits the attachment of mortgaged property, upon the payment of the mortgage debt or tender thereof by the officer to the mortgagee, does not refer to property which is exempt from execution.

*Appeal from District Court, Gallatin county. F. K Armstrong, Judge.*

ACTION brought by D. A. Cheney against White Caldwell, sheriff of Gallatin county, to recover for the unlawful seizure of exempt property on a writ of attachment.   From the judgment of the court below, plaintiff appeals.   Reversed.

Statement of the case by the justice delivering the opinion.

This is an action to recover the possession of certain personal property described in the complaint.

The defendant is the sheriff of Gallatin county, and as such sheriff took possession of the property in controversy under a writ of attachment issued out of the District Court of said county in a case wherein one Power was plaintiff, and Cheney, the plaintiff in this case, was defendant.   The action was tried by the District Court upon an agreed statement of facts.   The facts, as agreed upon, are:

First, that plaintiff, Cheney, was the owner of the property in controversy, and entitled to its possession, before its seizure by the sheriff under the writ of attachment in the suit of Power against this plaintiff.

Second, that Cheney was indebted to Power, and also to one Koch.

Third, that Cheney had given Koch a chattel mortgage upon the property in controversy.

Fourth, that while said chattel mortgage was in force and effect, and a matter of record, Power had the property mentioned in the mortgage attached—the sheriff, before levying the attachment, paying to Koch the amount due him, and secured by the chattel mortgage aforesaid.

Fifth, that the property was exempt from attachment or execution under the statute unless the giving of the chattel mortgage by Cheney to Koch had the effect of depriving Cheney of his exemption and of subjecting the property to Power's attachment.

Sixth, that the value of the property in controversy is $295.

Seventh, that Cheney promptly claimed his exemption when the property was attached by the sheriff, and the sheriff released it to him as exempt, but afterwards retook it under the writ.

The case was tried to the court without a jury, and the court found and rendered a judgment in favor of defendant. The plaintiff appeals from the judgment.

*W. L. Holloway*, for Appellant.

*Hartman Bros. & Stewart*, for Respondent.

PEMBERTON, C. J.—The question presented for determination by this appeal is as to whether Cheney, by giving a chattel mortgage upon his exempt personal property to Koch, waived his statutory right to claim said property as exempt against the claims of all other persons.

It seems that the court below held that the sheriff, by paying off the amount of the Koch indebtedness secured by the

chattel mortgage given by Cheney, thereby became subrogated to the rights of the mortgagee. If so, he could only foreclose the mortgage. He acquired no right thereby to attach the property.

Section 3869, Civil Code, permits the attachment of personal property which has been mortgaged, but requires the officer serving the writ, before taking the property, to pay, or tender the payment of, the amount of the mortgage debt and interest to the mortgagee. But this statute has no reference to property exempt from attachment. Our statute does not give any officer any authority to attach property exempt from seizure under a writ of attachment or execution. Authority is given to attach or levy upon property not exempt. Code Civil Procedure § 893.

The sheriff can only acquire the right to attach mortgaged personal property which is not exempt by paying off the mortgage debt. Because a person is willing to give a mortgage on exempt property, or by dire necessity is compelled to do so, a sheriff or other creditor cannot pay off this mortgage, attach and take the exempt property, and leave the exemption claimant and his family in absolute want. When exempt personal property is mortgaged, it is still exempt as to all the world except the mortgagee. In such case another creditor, or an officer for him, cannot, by voluntarily paying the mortgage debt, defeat the statute which was intended to keep such persons and their families from becoming public charges.

No right exists in any one, under our laws, to take exempt property away from a claimant, against his will, by any writ. Consequently nobody can be subrogated to such right. It is absurd to suppose that there can be any such thing as the subrogation of a person to a right when no right exists. Koch never had any right to dispose of Cheney's exempt property against his will. He had a right to hold and dispose of such property under and in accordance with the terms of the mortgage. This was not against, but with, the consent of Cheney. Koch never had any right to attach the property. Consequently the sheriff could not be subrogated

to such right. 1 Cobbey, Chat. Mort. § 199; Thomp.
Homest. & Ex. § 741; *Buckley* v. *Wheeler*, 52 Mich. 1, 17
N. W. 216; *Irwin* v. *Walling* (Okl.) 44 Pac. 219.

The court erred in finding and rendering judgment in favor
of the defendant.

The judgment is reversed and the cause remanded, with
directions to enter judgment on the agreed statement of the
facts in favor of the plaintiff for the value of the property.

*Reversed and Remanded.*

Hunt and Buck, JJ., concur.