## HARLEY *v.* PROCUNIER.

1. EXEMPTIONS—RIGHT OF SELECTION—HUSBAND AND WIFE.

The right to determine which two of several cows belonging to a married man shall be exempt under the statute (2 How. Stat. § 7686, subd. 6) rests with the husband, and is not subject to the wife's concurrence or consent.

2. SAME—CHATTEL MORTGAGE—VALIDITY.

Although a mortgage on exempt property is void, under 2 How. Stat. § 7686, subd. 9, unless signed by the wife, a mortgage of two cows is valid without the wife's signature, where the husband owns five cows; the giving of the mortgage being construed as a selection of those which are not exempt.

Error to Alcona; Simpson, J. Submitted October 14, 1897. Decided November 17, 1897.

Replevin by Anna Harley against Dessmus Procunier. From a judgment for defendant, plaintiff brings error. Affirmed.

*O. H. Smith,* for appellant.

*M. J. Connine,* for appellee.

LONG, C. J. Plaintiff is a married woman having a family of children. September 10, 1894, her husband gave a chattel mortgage in the sum of $30 upon two

cows, without the plaintiff's signature, and, as she claims, without her consent. At that time the husband owned five cows. Proceedings were being taken to foreclose this mortgage, when the plaintiff brought replevin, and took the cows into possession. The replevin cause was tried in justice's court, and removed to the circuit, where, upon a trial before a jury, the defendant had verdict and judgment. The claim of the plaintiff on the trial was that these two cows were exempt, and that, therefore, the mortgage was void, under the provisions of section 7686, 2 How. Stat. That section provides that:

"The following property shall be exempt from levy and sale under any execution, or upon any other final process of a court: * * * To each householder, * * * two cows," etc.

Subdivision 9 of that section provides:

"And any chattel mortgage, bill of sale, or other lien created on any part of property above described * * * shall be void unless such mortgage, bill of sale, or lien be signed by the wife of the party making such mortgage or lien," etc.

It appeared upon the trial that this mortgage was given for a *bona fide* indebtedness of the husband; and the defendant introduced evidence tending to show that these cows had been mortgaged prior to that to one Wood. The defendant had an agreement with the husband of plaintiff that, if Mr. Wood would release his mortgage, he would give a mortgage to the defendant upon them. The defendant made the arrangement with Mr. Wood for the release, and went to plaintiff's house. Her husband was not there; but the plaintiff was told by defendant that he had arranged for the discharge of the Wood mortgage, and that her husband promised to give him a mortgage on the same cows. The plaintiff then told him that anything her husband did about the matter was all right. The husband came home shortly after that, and defendant took a description of the two cows in plaintiff's presence. She knew which two her husband was to

mortgage. At that time she made no claim that these two cows were exempt. The five cows were there at that time, and all were owned by the husband. The next morning the mortgage was executed. Plaintiff made no objection to the giving of the mortgage, and made no claim then that these two cows were exempt. The plaintiff was called as a witness, and denied that she ever had any such talk with defendant, or that she was present when the description of the cows was taken by him to put into the chattel mortgage. The court submitted the question to the jury to find whether or not, under these circumstances, these two cows were exempt. The verdict was in favor of defendant for the amount of his lien under the mortgage.

Some questions are raised upon the ruling of the court in the admission and rejection of evidence upon the trial. We find no error in that.

It is claimed by plaintiff that under these circumstances the court should have directed the verdict in her favor. We think not. The court charged the jury as to the exemption as follows:

"Mr. Harley was a householder, and had a family, and was entitled to have two cows the law could not reach. It seems from the evidence he had five cows. Now, three of those cows could not be exempt, only two; and he is the one to determine which ones are to be exempt. The right of exemption rests with the man that owns the cows, the householder. If this was a levy of execution, then under the law it would be the duty of Mr. Harley to step forward and claim which ones of five cows he should claim as exempt, and it would be the duty of the officers to hand out the cows that he claimed, and they might leave with the rest. This is not a levy under an execution, but a chattel mortgage, and he [Mr. Harley] is the man that should determine which he proposes are exempt.   *   *   * He should do it when he gives the chattel mortgage."

It is contended by counsel for plaintiff that the court was in error in this part of the charge; that the wife had the right to determine which two of the five cows should be exempt; and that a chattel mortgage without the wife's

signature is absolutely void, unless it appears that there are two remaining cows, not incumbered, which are satisfactory to the wife,—that is, that the wife may make the selection of exempt property, and that, the plaintiff here not having determined which two of the five should be exempt, the mortgage is void. This statute can have no such construction. The property belonged to the husband. He could not mortgage all the cows he owned without his wife's signature to the mortgage, because, under this statute, two would be exempt; but the claim of exemption must necessarily rest with the husband. As stated by the court below, "If this was a levy of execution, it would be the duty of Mr. Harley to claim the exemption." The husband would also have the right to determine which two of the five cows he would leave out of the chattel mortgage. The law gives the wife a remedy only when the husband fails to claim the exemption. The giving of the mortgage on the two cows was a selection of those which were not exempt. But the court went further than this in his charge. The testimony showed that these two cows had been mortgaged before; and, also, the defendant's testimony showed that the wife knew just which cows her husband was giving the mortgage upon; that she made no objection, but, on the other hand, told the defendant that the giving of the mortgage by her husband was all right. The court thereupon left the question of the exemption to the jury as one of fact. Certainly, the rights of the plaintiff were fully protected under this charge; and, if either party had a right to complain of the charge, it was not the plaintiff.

The judgment must be affirmed.

The other Justices concurred.