R. E. GROVER v. W. A. YOUNIE et al., Appellants.

**Selection of Exempt Property:** BY MORTGAGING: *Husband and wife.* Where a debtor mortgaged one of three teams, any one of which he might have claimed as exempt, the mortgage is not invalid because not signed by the wife, as required by Code, section 2906, on a mortgage of exempt property, since the giving of the mortgage on such team was a waiver of the right to claim that particular team as exempt.

WAIVER OF EXEMPTION. Code, section 4017, providing that a person entitled to redemption does not waive his right by failing to select the exempt property, unless he fails or neglects so to do when requested by the officer about to levy thereon, does not preclude the debtor from making a selection before an execution was issued or judgment rendered, as against an existing debt.

WHAT IS EXEMPT. By Code, section 2906, which provides that no incumbrance of personalty "which may be held exempt from execution" shall be valid, unless by a written instrument signed by the husband and wife, property only is referred to which is exempt at the time, and not such as, by some contingency, may thereafter become exempt.

DEEMER, J., dissenting.

*Appeal from Palo Alto District Court.*—HON. W. B. QUARTON, Judge.

TUESDAY, JANUARY 30, 1900.

ACTION for the value of two horses alleged to have been converted. Verdict and judgment for the plaintiff, from which the defendants appeal.—*Reversed.*

*E. A. Morling* and *W. A. Younie* for appellants.

*C. E. Cohoon* and *S. H. Kerr* for appellee.

LADD, J.—On the eleventh day of October, 1897, the plaintiff executed to the defendant Younie, a chattel mortgage covering two horses and other property, to secure the payment of money due. At that time he was a farmer, the head of a family, and the owner of four other work horses, then in his possession. Shortly after its execution, the mortgage was foreclosed, and the two horses sold thereunder. The plaintiff's wife did not sign this mortgage, and because of this omission, he asserts that it was invalid, under section 2906 of the Code, which provides that: "No incumbrance of personal property which may be held exempt from execution by the head of a family, if a resident of this state, under the provisions of law, shall be of any validity as to such exempt property only, unless the same be by written instrument, and unless the husband and wife, if both be living, concur in and sign the same joint instrument. But incumbrances on the property sold, given to secure the purchase price, need only be signed and acknowledged by the purchaser." The invalidity, it will be observed, extends to the exempt property only. As to all other, a mortgage executed by the husband alone is valid. Except in virtue of this statute, the *jus disponendi* of exempt property is unrestricted, and the debtor may divest himself thereof regardless of the wishes of his wife or family. Under section 4008 of the Code, the plaintiff was entitled to hold one team of horses as exempt from execution. But he owned three teams, and had the right to say which he would so claim. In *Hays* v. *Berry,* 104 Iowa, 455, we said, "The right to the exemption is a personal privilege to be asserted by the debtor." See sections 4014, 4017, Code. It is only when the husband has absconded that this duty devolves on the wife. Section 4016, Id. And, too, the debtor may waive his right to exemptions. *Richards v. Haines,* 30 Iowa, 574; *Angell v. Johnson,* 51 Iowa, 625; *Moffitt v. Adams,* 60 Iowa, 44. True, a waiver of the benefit of the exemption law contained in a contract creating a liability is of no validity. *Curtis v. O'Brien,* 20

Iowa, 376. But this court has never held invalid an agreement by which all property of a kind claimed as exempt is set apart as such, and the right to so claim that remaining is relinquished. Nor has our attention been directed to any authority announcing such a rule. A contract of that kind would not defeat the statute, nor render nugatory the beneficial provisions of the exemption laws.

Nor do we think section 4017 of the Code limits the selection of exempt property to the time of levying an execution. *This plainly appears from its language: "Any person entitled to any of the exemptions mentioned in this chapter does not waive his right thereto by failing to designate or select such exempt property, or by failing to object to a levy thereon, unless he fails or neglects to do so when required in writing by the officer about to levy thereon." In *Hays v. Berry, supra,* we said this statute "was enacted to obviate any waiver by reason of the surrender of the property to the sheriff, or failure to object to the levy by the debtor, in ignorance of his rights, in supposed obedience to one in authority." It goes no further than to mention what shall not amount to a waiver except when demand is made by an officer in writing. It is manifest that this does not preclude the debtor from making a selection long before an execution is issued or judgment rendered, as against an existing debt. The homestead may be selected and platted at any time prior to the levy of an execution, and it is not perceived why a different rule should pertain to the selection of exempt personal property. If the property he will retain as exempt is chosen, thereby the right to other property of the same kind is inevitably waived. Had the plaintiff owned but one team of horses, then there would have been no room for selection, and under such circumstances the statute prevented a waiver of the exemption which would otherwise have been implied from the execution of the mortgage. *Evans v. Harvester Works,* 63 Iowa, 204. This principle was announced in *Slanker v. Beardsley,* 9 Ohio St. 590. The

statute of that state prohibited the husband from selling, dis-
posing of or in any manner parting with "any personal prop-
erty which now is or may hereafter be exempt from sale under
execution, without having first obtained the consent of his
wife thereto." And in event of the violation of the statute
the wife was authorized to prosecute an action in her own
name for the property or its value. In that case all the prop-
erty the husband had might be retained as exempt, and the
point made was that articles not absolutely exempt must be
selected before the statute applied, as no one could know
until then of his desire to retain them. The court said:
"Where it appears that the debtor had at the time more per-
sonal property than he was entitled to retain, a serious diffi-
culty might arise; but where, as in the present case, all that
he owns is confessedly insufficient to satisfy the exemption,.
no such embarrassment exists. It is no longer a case of
selection, but one of mere demand. He might insist upon
the restoration of the whole, and, if so, a proper construction
of the act of 1857 prohibits him from disposing of it without
the consent of the wife." Had the mortgage covered all the
teams, this would have conclusively shown that no selection
had been made, and, under the terms of the statute, would
have been invalid as to the team he might choose. But here
the debtor mortgaged but one of several teams, any one of
which he might claim as exempt. The law prohibited him
from mortgaging that which may be exempt, and in executing
the mortgage on that in controversy, he must have concluded
to claim one of the others, and thereby have waived such
claim to the team so incumbered. In other words, the giving
of the mortgage was a selection of those not exempt. Surely
it is more in harmony with fair dealing to imply an election
to claim one of the other teams as exempt from the execution
of the mortgage on that in controversy, than permit him to
defeat an instrument, by a subsequent election, which he can-
not be assumed to have intended to be worthless. Had he

selected one of the other teams as exempt after this mortgage was given, no one would question its validity. By executing it, he elected to do so, and waived such claim to the two horses in controversy. Our conclusion finds direct support in *Harley v. Procunier,* 115 Mich. 53 (72 N. W. Rep. 1099, 40 L. R. A. 150). After providing for certain exemptions to a householder, including two cows, the statute· of that state reads: "And any chattel mortgage, bill of sale, or other lien, created on any part of property above described * * * shall be void unless such mortgage, bill of sale, or· lien, be signed by the wife of the party making such mortgage or lien," etc. The husband, owning five cows, executed a mortgage on two of them; and in holding the mortgage valid the court said: "The property belonged to the husband. He could not mortgage all the cows he owned, without his wife's signature to the mortgage, because under this· statute two would be exempt; but the claim of exemption must necessarily rest with the husband. * * * The husband would also have the right to determine which two of the five cows he would leave out of the chattel mortgage. The· law gives the wife a remedy only when the husband fails to claim an exemption. The giving of the mortgage on the two· cows was a selection of those not exempt." The contention of the appellee that the prohibition of the statute reaches all property which may be selected is answered by the provision: making the incumbrance invalid as to exempt property only. If the debtor has elected to select other horses, and waived his exemption of those mortgaged, the latter have ceased to· be exempt, and the instrument, by the very terms of the statute, is valid. In view of all its provisions, "may not" cannot be construed as synonymous with "by any possibility" or "under any circumstances," but as having reference to the status of the property at the time being. See *Gregory v. Kanouse,* 11 N. J. Law, 62. The statute confers on the wife no interest other than she had in her husband's property, nor does it deprive him of the right

of selecting that which shall be held as exempt. If he err
in judgment or by design, the law gives her no remedy. If,
under the construction given, he might mortgage all save a
worthless team, as suggested by the appellee, under that con-
tended for he might also make such a choice thereafter.
Under either he may deprive his family of the benefit of
exemptions by sale or gift, or by failure to select property
when required to do so by an officer about to make a levy.
The object of this statute is not to wrest from the head of the
family the control of exempt property, but to somewhat
restrict it, by requiring the concurrence of the wife before
it can be incumbered. When it ceases to be exempt by the
selection of other property, the statute has no application.—
REVERSED.

GRANGER, C. J., not sitting.

DEEMER, J. (dissenting).—What is property that may
be held exempt from execution by the head of a family, when
the debtor, if a farmer, holds two or more teams, by the use
of which he habitually earns a living? Prior to the enact-
ment of section 2906 of the Code of 1897, the statutes of
the state presupposed a levy or an attempted levy of
an execution before the debtor was required to make
a selection of exemptable property. Property that is exempt,
or that may be selected as exempt when execution is sought
to be levied thereon, is property that "may be exempt
from execution." It will be noticed that the statute
says property that "may be exempt from execution,"
not property that may be exempt from mortgage. A
waiver of the benefit of exemption laws made contempora-
neously with the contract or debt is of no validity. *Curtis
v. O'Brien, supra; Bank v. Honnold,* 85 Iowa, 352.
Of course, in the absence of statute, a debtor may mortgage
either exempt or exemptable property. Whether or not prop-
erty covered by a mortgage may be held exempt from execu-
tion must be referred to the exemption statutes, for there is

no other method of determining what may be held exempt from execution. The act under consideration has reference to a voluntary conveyance by him who, under the exemption statutes, may claim the property as exempt. As said by the supreme court of Ohio in the case cited by the majority: "The only reasonable construction of the law is to prohibit the husband from disposing of any property, without the consent of the wife, which would have been exempt from sale if an execution had been levied thereon, and he had in good faith insisted upon all the exemptions secured to him by the statutes. If an execution had been issued and levied on the horses and harness sold by him to defendants, and he had in good faith insisted upon the exemption secured by this act, it is manifest that the officer would have been obliged to deliver them to him." In dealing with homestead exemptions, which may comprise any forty acres of a given tract the owner may select, we have uniformly held, where the debtor owns more than one forty, that a mortgage executed by the husband alone on any part or the whole of the land is void, and that the making of the mortgage does not of itself constitute either an election or a selection. *Goodrich v. Brown,* 63 Iowa, 247; *Woolcut v. Lerdell,* 78 Iowa, 668; *Barnett v. Mendenhall,* 42 Iowa, 296, and cases cited. The homestead right is said to extend to every part of the land. When one of two or more articles of the same class may be exempt, the right to claim the exemption extends to all articles, any one of which may be selected. There is more reason for applying the rule to personal than to real property, for the debtor may at any time plat the homestead, but there is no statutory method for making a binding selection of personal property that will preclude the debtor from making his selection when execution is about to be levied. The majority opinion says that a debtor may waive his exemptions, and cites some cases to establish the rule. They all relate, however, to waiver after execution has been issued, and to a time when the debtor is compelled to act, or lose his

exemption. It may be asserted with entire confidence, I think, that no case is to be found that holds that the debtor is bound by any statement, written or oral, as to what property he will select when execution is issued, or that he will waive his exemptions before he is called upon to act. As has been seen, his agreement to do so when the debt is contracted is contrary to public policy and void. There may be cases where the debtor is estopped, but I have seen none that hold that making a mortgage on property that may be exempt, or declaring in any other manner that he will select certain property, is conclusive on the question of selection.

Stress is placed on the provision of the statute saying that the mortgage or incumbrance is of no validity "as to such exempt property only." I do not think the proper interpretation is placed on this clause. It says "such exempt property," referring back to the previous clause. What is it that is thus referred to? The language is, "personal property that may be exempt from execution." The object of the provision relied upon by the majority was to save the mortgage as to other property that might be included therein. Without that clause, a mortgage that covered property which might be claimed as exempt would be entirely void, and no rights could be claimed thereunder, although it covered other property that the mortgagor could in no event claim as exempt. To save the mortgage as to this property was the manifest purpose of the legislature. But it is said that the making of the mortgage was a selection of the exempt property. Let me ask which of the other teams he selected. It will not do to say that by making the mortgage he selected the property covered thereby as exempt, for that would manifestly defeat it. What, then, did he do? The opinion says, as I understand it, that by making the mortgage he elected to claim other property. If that be so, what more is it than an agreement, made at the time of the execution of the instrument, that he would not claim the property as exempt? How does

this differ from any other simple agreement not to claim exemptions? If, then, the mortgage is on exempt property, it is invalid. If not on exempt property, it is because the debtor agreed at the time he made his mortgage not to claim it as exempt. If the making of the mortgage constitutes a selection, let me ask what the result would be had the debtor mortgaged one of the teams to A., another to B., and a third to C. Which of the teams would be exempt from execution, and which mortgage invalid? The making of the mortgage in this case did not preclude the debtor from claiming the same property as exempt from execution, had another creditor levied thereon after the making of the mortgage; and in the supposed case it is conceded, as I understand it, that the debtor could have defeated one of the mortgages by making a selection, when called on, after an execution issued. If he could defeat one, why may he not defeat this one by making selection when required. The opinion is also bottomed on the thought that the mere making of the mortgage amounted to a selection. Certainly, if an express agreement to waive is invalid, an implied one should not be given force. The doctrine of waiver, as announced and applied in the opinion, if given full force, and carried to its logical conclusion, would permit the husband to waive all his exemptions by the making of mortgages, and thus defeat the manifest purpose of the statute. Suppose a mortgage had been given on all the horses, or suppose that instead of one mortgage, covering all the property, there had been three, each covering a different team; which of the teams would be exempt, under the rule announced by the majority? The opinion says, as I understand it, that, if the mortgage had been made on all three, it would be void as to the exempt team. Suppose the debtor had mortgaged all three teams, and thereafter had sold one team to A., another to B., and a third to C.; which of the purchasers would have title clear and free of the incumbrance? If in such case the validity of the mortgage is made to depend on a selection thereafter

to be made by the debtor, and he should fail or refuse to make a selection, then the very purpose of the statute is thwarted, and the mortgage will be valid, although covering property that may be exempt from execution.

The validity of the mortgage should be determined with reference to conditions existing at the time it is executed, and not by reference to what transpires in the future. If the property covered thereby is such that it may, in good faith, be selected by the debtor, if called on in the future to assert his exemptions from execution, the mortgage is invalid, by the express terms of the statute. If, however, its validity is made to depend on actual selection, no one can tell whether it is valid or invalid until selection is made. Assume that a debtor has two teams. He mortgages one to A. Thereafter B., a creditor, sues him, and is about to levy execution on both teams. Is the debtor required to select the one not covered by the mortgage? I think not. If he is not compelled to do so, then he may hold one team exempt as to one creditor, and another as to another. This, as I understand it, is contrary to all the authorities. On the question of the right of a debtor to select property already covered by mortgage as exempt from execution, see *Emerson v. Bacon,* 58 Mich. 526 (25 N. W. 503); *Patten v. Smith,* 4 Conn. 450; *Collett v. Jones,* 2 B. Mon. 19 (36 Am. Dec. 530; *Evans v. Harvester Works,* 63 Iowa, 204; *Brainard v. Simmons,* 67 Iowa, 646; *Cheney v. Caldwell,* 20 Mont. 77 (49 Pac. Rep. 397; *Ganong v. Green,* 71 Mich. 1 (38 N. W. Rep. 661). The fault I find with the opinion is that it holds that the mere making of a mortgage on property that may be held as exempt is a selection of exempt property, or an election not to claim that identical property as exempt. It is not necessarily a selection of exempt property, for there may remain several items of the same kind from which selection may be made. Moreover, we have seen that, notwithstanding the making of the mortgage, the debtor may still claim the property as exempt from

execution. It is not an election or waiver, for the reason that contracts to waive are invalid, and for the further reason that the statute does not authorize or require an election at the time the mortgage is made. Again, the election is inferred from the mere making of the mortgage, which, as we have seen, is not regarded as conclusive. In order to sustain the mortgage on this theory, it must be assumed that the mortgage is valid. With such an assumption, the result announced in the majority opinion follows as a matter of course. The validity of the mortgage on property which may in good faith be claimed as exempt from execution is the very question at issue; and I see no more in the transaction than an intent on the part of the mortgagor to incumber the property by mortgage. If the mortgage had been signed by both husband and wife, and its validity had been indisputable, we could not infer that they intended to waive their right to claim that the property was exempt from execution. See *Goodrich v. Brown, supra,* where this very principle was applied to mortgages on real estate that was subject to be claimed as a homestead. The opinion also fails to recognize the distinction between specific exemptions and exemptions that depend upon the choice of the debtor; and, reduced to its last analysis, the question is, is the property covered by the mortgage such as the debtor might in good faith claim if it were attempted to be taken on execution? That it is such property is conceded, and I think we should hold the mortgage invalid. The decision of the Michigan court relied on by the majority is correct, for the statute there construed provides that a mortgage on any part of the exempt property shall be void, etc. Our statute reads that no incumbrance of personal property which may be held exempt from execution, etc. Under the Michigan statute, mortgages on exempt property are void. Under our statute, mortgages on property that may be held exempt from execution are invalid. One relates to exempt property, and the other to exempt and exemptable. Again, in the Mich--

igan case the court holds that the wife who claimed the
property was estopped by her conduct from claiming the
property that had been mortgaged by her husband.   Why
we should hold that a mortgage covering one hundred and
twenty acres, of a tract of one hundred and sixty, any forty
of which might be claimed as a homestead, is invalid when
not signed by both husband and wife, and yet say that a
mortgage on one of two or more teams, any one of which may
be claimed as exempt, signed by the husband alone, is valid,
is not clear to my mind.   In either case the debtor has the
right of selection when called on to select.   If the property
is real, the making of a mortgage is not a selection; if it
is personal, it is.   As I view it, the majority opinion makes
the statute read, "No incumbrance of personal property
that may be held exempt from execution shall be of any
validity unless mortgaged before the exemption is claimed,"
etc.   It may be said that the construction I contend for
would enable the husband to perpetrate a fraud, and render
it unsafe to take chattel mortgages without requiring the
signature of the wife.   No doubt, the act is crude, and it
may be impolitic, but these are considerations for the legis-
lature.   There is no particular hardship, however, in requir-
ing the wife to join in mortgages covering property that
may be claimed by the debtor as exempt from execution.
All mortgagees of personal property necessarily assume the
risk of title and authority of the mortgagor, and a mortgagee
of exemptable property may easily protect himself by
procuring the signature of the wife.   Of course, the debtor
may sell either exempt or exemptable property and he may
also waive his exemptions after execution has been levied,
and thus defeat the exemption; but this is no reason for
holding that he should be allowed to mortgage it, in the face
of the statute now under consideration.   Generally speak-
ing, the specific articles exempted by statute are of little
value.   It is the exemptable property that furnishes the
family with support, and it was that property that the leg-

islature intended to protect. The question of estoppel is not involved, and there is no need of considering it. I would affirm the judgment.