### SEITZ v. STARKS.

1. GARNISHMENT—SALE—PARTIES—QUESTION FOR JURY.

Plaintiffs in garnishment claimed that the garnishee defendants had purchased a stock of goods from plaintiffs' debtors; but the garnishees claimed that the goods were sold to a creditor of the debtors in payment of a debt, that defendants bought of the creditor, and that the evidence was so far conclusive in these respects that a verdict should have been directed in their favor. *Held*, on examination of the testimony, that it tended to show the relation of vendor and vendee between the debtors and defendants, and that the question was for the jury.

2. SAME—CIRCUMSTANTIAL EVIDENCE—UNSIGNED CONTRACT.

The creditor's bookkeeper, under its direction (as claimed by plaintiffs), drew a contract of sale from the debtors to defendants, and delivered the same in duplicate to defendants, who retained them until after the commencement of the garnishee proceedings, when they were given to the creditor unsigned, and afterwards different writings were executed by the debtors. *Held*, that the contract was admissible in evidence as a circumstance, although defendants claimed that it was erroneously drawn, and that the bookkeeper was without instructions so to draw it.

3. SAME—DOUBLE LIABILITY—SIMILAR FACTS—PRESUMPTION.

A recovery by plaintiffs could not be defeated on the ground that, in a subsequent action by the creditor, another jury might take a different view of the testimony, and defendants be compelled to pay twice, since it would be presumed that, on proof of the same facts, both juries would reach the same conclusion.

4. Same—Debtor's Statement—Conspiracy—Admissions.

A statement of one of the debtors to plaintiffs, that they had sold out to defendants, was erroneously admitted, since, considered as evidence tending to show fraud, under plaintiffs' claim that the debtors and defendants were in conspiracy to thwart them in the collection of their debt, it was at best a declaration of a co-conspirator, not made in the prosecution of the fraudulent enterprise; and, considered as an admission, it was not binding on defendants, as the defense was being made by them in their own interest, and to avoid a double liability.

5. Same—Instructions.

A requested instruction that the fact that the garnishees may have supposed, at some time during the negotiations, that they were getting the goods of the debtors, was immaterial, if the jury should believe from the evidence that the sale was actually made by the debtors to their creditor, was erroneously refused.

6. Same.

An instruction that if the written instrument prepared under the direction of the creditor represented the intention of the parties, and the inventory was taken in pursuance of it, it was a valid contract, regardless of its not being signed, was likely to be misconstrued by the jury, and should not have been given.

7. Same—Exempt Property—Personal Defense.

A garnishee cannot raise the point that the fund is not subject to garnishment because the proceeds of exempt property; such defense being personal to the debtor.

Error to Berrien; Coolidge, J. Submitted February 4, 1904. (Docket No. 128.) Decided March 15, 1904.

Garnishment proceedings by William H. Seitz and Eugene O. Roniger, copartners as Seitz & Roniger, against Levi Starks and William Abel, copartners as Starks & Abel, as garnishees of Joseph, George, and Charles Edgcumbe, copartners as Edgcumbe & Sons. From a judgment for plaintiffs, defendants bring error. Reversed.

*G. M. Valentine*, for appellants.

*Humphrey S. Gray* (*L. C. Fyfe*, of counsel), for appellees.

HOOKER, J.  The plaintiffs were creditors of Edgcumbe & Sons, retail grocers at Benton Harbor, as also were Kidd, Dater & Price Co.  Starks & Abel, the garnishee defendants, were at that time—*i. e.*, September, 1902— fitting up a building with the intention of commencing the retail grocery business.  They bought the Edgcumbe stock, or a portion of it, and continued the business in their store for about a month before moving into their own building.  As soon as the inventory was completed, the plaintiffs sued Edgcumbe & Sons, and garnished Starks & Abel.  It is the claim of Starks & Abel and Kidd, Dater & Price Co. that the latter firm purchased the stock from Edgcumbe & Sons under an agreement that the price should be applied upon their claim, and that the defendants, Starks & Abel, purchased a portion of the goods from Kidd, Dater & Price Co.; while the plaintiffs allege that the transaction was collusive, and that Starks & Abel really purchased from Edgcumbe & Sons, and became their debtors.  The question was submitted to a jury, and plaintiffs prevailed.  The defendants have brought the case to this court.

Counsel for the defendants contends that all of the witnesses in a position to know have testified that defendants purchased the goods from Kidd, Dater & Price Co., and are indebted to them for the same; that they never had any dealings or negotiations with Edgcumbe & Sons; and that the court erred in not instructing the jury that they must find a verdict for the defendants.  He also argues that the evidence shows that Edgcumbe & Sons owed Kidd, Dater & Price Co., and that a promise to pay them, even though defendants purchased from Edgcumbe & Sons, would be a valid novation, if it was with the assent of all of the parties, and accompanied by a release of said indebtedness against Edgcumbe & Sons.

Our examination of the testimony convinces us that there is testimony tending to show that Edgcumbe & Sons and the defendants sustained the relation of vendor and vendee. It is not necessary for us to approve the finding of the jury upon the question of fact. The plaintiffs showed statements by both defendants to the effect that they so understood it, and conversations in which they were informed of plaintiffs' intention to garnish; and one, if not both, of them abstained from making objection thereto. It was also shown that, acting under direction of Kidd, Dater & Price Co., the latter's bookkeeper drew a contract whereby Edgcumbe & Sons sold the stock to defendants, and delivered the same in duplicate to defendants, who kept them until after the garnishee proceedings were commenced, when they were given to Kidd, Dater & Price Co. without being signed, and afterwards different writings were executed by Edgcumbe & Sons. It is claimed that this contract was erroneously drawn, and that the bookkeeper had no instructions to so draw it; but it was a circumstance allowed to go to the jury, and, we think, properly. From these and other circumstances counsel for plaintiffs argue that the claim that the purchase was by Kidd, Dater & Price Co. was an afterthought. We cannot say that this was not a legitimate inference, or that the court could refuse to submit the question to the jury, nor can we say that the verdict is so clearly against the weight of evidence as to justify a reversal upon that ground.

Counsel for the defendants asserts that a debtor is not to be put in a position where he may be compelled to pay twice, and that the law does not attempt to compel him, at his peril, to decide questions of fact, and decide them correctly; and that, under the testimony given in this case, there is danger of such a result, if plaintiffs are permitted to recover. That there is a class of cases where it is held that a plaintiff cannot be allowed to recover a fund the ownership of which is in doubt may be admitted, but this case cannot be classed with them. Relief cannot be denied

plaintiffs upon the ground that another jury may take a different view of the testimony given on another occasion. Kidd, Dater & Price Co., the defendants, and the Edgcumbes know all of the facts connected with the transaction, and they can be proved as well in a case between Kidd, Dater & Price Co. and the defendants as in this case, and we must assume that in both cases the juries will reach the same conclusion, if so proved.

In this connection we should allude to certain testimony admitted against the other objection that it was hearsay. Mr. Seitz was allowed to testify that Joseph Edgcumbe told him that they had sold out to the defendants. This testimony was admitted upon the ground that it was competent to prove fraud. We suppose this to mean that the plaintiffs claimed that the parties were engaged in a collusive attempt to thwart Seitz in the collection of his debt; a conspiracy, so to speak, whereby it should falsely be made to appear that Kidd, Dater & Price Co., and not the defendants, had purchased from the Edgcumbes. If such testimony had no better ground than that to rest upon, it was not admissible, for the reason that it was at most the declaration of a co-conspirator, and was not made in the prosecution of the enterprise. If admissible, it must be upon the ground that the principal debtors' statements were competent as admissions, as they probably would be if the defense were being made on their behalf. But this defense was being made by the garnishee defendants in their own interest, to avoid a double liability, and perhaps by Kidd, Dater & Price Co., to save their claim, which, upon their theory of the case, was paid. The plaintiffs have only such rights against these garnishee defendants as Edgcumbe & Sons have. If they have not a valid claim against them, the plaintiffs have not, and it can no more be established by Edgcumbe's admission in the one case than the other. This testimony was of a character to be very injurious, and was erroneously received. See Rood, Garnishment, § 349, and note.

The further point is made that nearly the entire amount of property sold was exempt property, and the proceeds were not subject to garnishment. *Wilson* v. *Bartholomew*, 45 Mich. 41 (7 N. W. 227); *Anderson* v. *Odell*, 51 Mich. 492 (16 N. W. 870); *Cullen* v. *Harris*, 111 Mich. 20 (69 N. W. 78, 66 Am. St. Rep. 380). We think this point is personal to the debtors or their privies, and understand that they are not in a position to raise it, having neither made the claim below nor appearing here as parties by any proper proceeding. These defendants cannot raise it.

Counsel was entitled to have his fourth request given to the jury. It is as follows:

"I instruct you that the fact that Mr. Starks or Mr. Abel may have supposed, at some time during the negotiations, that they were getting the goods of Edgcumbe & Sons, is entirely immaterial in this case, provided you believe from the evidence that Edgcumbe & Sons actually sold the goods to Kidd, Dater & Price Co.; and in such case it is entirely immaterial what they may have stated to Mr. Seitz, or to Mr. Pearl, or others."

We also think it probable that an improper construction was placed by the jury upon plaintiffs' third request. It was:

"If the written instrument made in duplicate in the office of Kidd, Dater & Price Co., referred to in this case, represented the intention of the parties, and the inventory was taken in pursuance of it, then it was a valid contract, regardless of its not being signed."

We deem it unnecessary to refer to other errors alleged, as the questions involved in them are not likely to arise upon another trial.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.