McCORMICK v. KISTLER.

1. EXEMPTIONS—ACTIONS—TITLE—REPLEVIN.

Replevin lies in favor of a bona fide purchaser of exempt fixtures and stock of merchandise against an officer in possession under a subsequent execution levy, in an action against the vendor, although the sale whereby plaintiff got title did not conform to the requirements of the bulk-sales act (Act No. 223, Pub. Acts 1905 [2 How. Stat. (2d Ed.) § 2612 et seq.]).

2. SAME—FRAUDULENT CONVEYANCES—BULK-SALES ACT—SALES.

Said act placing restrictions on sales of merchandise in bulk does not invalidate a sale of property and fixtures worth less than the amount of the seller's exemptions, although the requirements of the act were not observed, upon the motion of objecting creditors of the vendor. (Distinguishing cases involving sales of stock worth more than $250.) J. L. Hudson Co. v. No-Name Hat Co., 174 Mich. 109 (140 N. W. 507).

Error to Saginaw; Kendrick, J. Submitted April 11, 1913. (Docket No. 55.) Decided May 28, 1913.

Replevin by Edwin W. McCormick against Henry Kistler for property seized on execution. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Henry E. Naegely,* for appellant.

*Thomas G. Baillie,* for appellee.

OSTRANDER, J. The action is replevin. The court directed a verdict for the defendant, and in doing so stated that the facts, which are reviewed, are practically undisputed.

Plaintiff assigns errors upon three statements made by the court in the explanatory charge to the jury, as follows:

"The parties to the bill of sale in this case took no steps to comply with the statute in so far as this defendant's interest is concerned (nor as against the persons who caused the levy, Hammond, Standish & Co.) ; to this defendant it is absolutely as though the attempted transfer had not been made. The bill of sale in no way impedes the right of the creditor to proceed, just the same as if the attempted sale had not been made.

"It appears to the court that the plaintiff has no standing in court to maintain his action; that the said transfer, in so far as this defendant was concerned, in this case, was without force, and that the plaintiff had no right to the possession of the goods at that time, or at the time of the taking out of a writ and proceeding with this action.

"The firm of Hammond, Standish & Co. had the full right to proceed and exercise lawful measures to collect their debt, and the transfer in the manner as has been described here, by the plaintiff, and as appears by the bill of sale as described by the transferrer, of the goods, to the plaintiff, is clearly void as to these parties, who have been called upon to defend this case."

It appearing that counsel for both parties asked for a peremptory instruction, we treat these assignments of error as equivalent to one that the court, upon the undisputed testimony, should have directed a verdict for plaintiff, and was in error in making the contrary ruling.

It appears that one Frank Nielski kept a meat market, and became indebted to Hammond, Standish & Co. A judgment against him in their favor was rendered May 1, 1912, and, by virtue of an execution issued to collect the amount of the judgment, the defendant, a constable, levied on May 7, 1912, upon certain personal property then in the possession of Nielski. On May 3, 1912, Nielski executed a bill of sale of the said property (his fixtures and stock) to plaintiff, another creditor, the instrument being recorded, who took the property from defendant upon a writ of replevin. In the sale by Nielski to plaintiff there was no compliance with Act No. 223, Public Acts of 1905 (2 How. Stat. [2d Ed.] § 2612), known as the "Sales in Bulk Law." It is the contention of the execution creditor that the sale was therefore void. The value of the property in dispute, as inventoried and appraised in this action, is $163.50, the articles being a Toledo scales, an electric meat chopper, a cash register, butcher's marble-top counter, and two meat blocks, as well as meats, lard, supplies, and utensils, valued at $52. The value of the stock on May 3, 1912, is not made to appear.

Appellant presents and argues two propositions, which are: *First,* that the property in dispute was exempt from levy and sale on execution when it was sold to him, for which reason the sale was not in contravention of the provisions of the sales in bulk law; *second,* if that law applies, and the sale to him was void, still the property sold is not liable to levy and sale upon execution, but the creditor, relying upon that statute, must look to the purchaser of the prop-

erty, and not to the property itself, for satisfaction of his debt.

The good faith of plaintiff is not assailed. Why may not he rely upon the fact that creditors of his vendor were not interested in the sale for the reason that they could not have reached the property in the hands of the vendor? Claiming that they answer this question, defendant refers us to *Williams* v. *Brown*, 137 Mich. 569 (100 N. W. 786), and *McCausey* v. *Hoek*, 159 Mich. 570 ( 124 N. W. 570, 18 Am. & Eng. Ann. Cas. 945). In the first-mentioned case the action was trover by the vendee of personal property against a sheriff for conversion of the property. The sheriff had seized the property on execution running against the vendors. No specific articles of the property were in any event exempt from execution, but only goods of a specified value, to be selected out of the larger quantity. The vendors, judgment debtors, were in possession of the property when it was seized. They did not select, or offer to select, any goods as exempt. The statute (3 Comp. Laws, § 10326) provides that, after the inventory and appraisal of goods seized on execution, the defendant in execution, or his authorized agent, may select from such inventory an amount of such property not exceeding, according to such appraisal, the amount or value exempted by law from execution, but if neither the defendant nor his agent shall appear and make such selection, the officer shall make the same for him. It was held:

"The officer could not well know the conditions of the sale between his sons and the plaintiff, or the arrangement, if there was any, in regard to the exemptions. The plaintiff did know, and it was his duty, if he desired to claim exemptions by virtue of his purchase, to notify the officer and demand the right of selection. Where no duty of selection is imposed upon the officer, the debtor waives his right to the exemption if he fails to demand it. * * * Whether a fraudulent vendee is entitled to claim the exemption

of his fraudulent vendor, where the property levied upon is in excess of the exemption, *quære;* but if he is, inasmuch as the statute imposes no duty upon the officer to make selection in such case, the vendee must notify the officer, or be held to waive his selection."

In *McCausey* v. *Hoek,* the rule of *Williams* v. *Brown* is followed; the court saying, in part:

"Then the plaintiff claimed the property as her own. She did not claim it as exempt property sold to her. Upon this record the officer owed her no duty as to setting off exemptions, as she claimed none.   *   *   * The assignee succeeded to McCausey's rights to exemption, but it was necessary for her to assert them."

We do not find in these opinions, nor in the one delivered in *Seitz* v. *Starks,* 136 Mich. 90 (98 N. W. 852), any denial of the right of a vendee to acquire title to property exempt from levy and sale in the hands of the vendor. The sales were not claimed to be fraudulent and void because in contravention of the sales in bulk law. In the case at bar neither Nielski nor the plaintiff advised the officer that the property seized was claimed to be exempt from execution. But unless the provisions of the sales in bulk law apply to a sale of property, all of which is exempt from execution, plaintiff's title, so far as defendant is concerned, is invulnerable.

The terms of Act No. 223, Public Acts of 1905 (2 How Stat. [2d Ed.] § 2612 *et seq.*), embrace any sale of the whole, or a part, of a stock of merchandise and the fixtures pertaining to the business. The meaning of the term "fixtures" in the act has been somewhat restricted. *Bowen* v. *Quigley,* 165 Mich. 337 (130 N. W. 690, 34 L. R. A. [N. S.] 218) ; *People's Sav. Bank* v. *Van Allsburg,* 165 Mich. 524 (131 N. W. 101). But, independent of the character of some of the property as fixtures, the uniform rule of this court has been that creditors are not concerned with the

disposition which a debtor makes of exempt property. *Fischer* v. *McIntyre*, 66 Mich. 681 (33 N. W. 762); *Stewart* v. *Welton*, 32 Mich. 56; *Wilson* v. *Bartholomew*, 45 Mich. 41 (7 N. W. 227); *Anderson* v. *Odell*, 51 Mich. 492 (16 N. W. 870); *Buckley* v. *Wheeler*, 52 Mich. 1 (17 N. W. 216); *Emerson* v. *Bacon*, 58 Mich. 526 (25 N. W. 503); *Cullen* v. *Harris*, 111 Mich. 20 (69 N. W. 78, 66 Am. St. Rep. 380). See, also, *Eagle* v. *Smylie*, 126 Mich. 612 (85 N. W. 1111, 86 Am. St. Rep. 562). In *Anderson* v. *Odell*, Mr. Justice CAMPBELL, speaking for the court, said:

"So long as the statutory amount of exemption is not exceeded, there can be no appreciable reason why the property cannot be converted or exchanged. There is difficulty in understanding how a creditor can first become entitled to reach his debtor's property the moment it ceases to be his property."

In *Anderson* v. *Odell* and in *Cullen* v. *Harris*, it is stated that the rule in the case of a sale of a homestead, and in the case of a sale of exempt personal property, is the same. It cannot be supposed that the legislature intended by Act No. 223, Public Acts of 1905, which contains neither a special nor a general repealing clause, to reverse, as to persons engaged in merchandising, the long-continued policy of the State with respect to exemptions. It is true that in *J. L. Hudson Co.* v. *Hat Co.*, 174 Mich. 109 (140 N. W. 507), it was held, following the rule of *Seitz* v. *Starks*, that the purchaser of a stock of goods sold in contravention of this statute could not claim the benefit of the vendor's exemption when to secure the exemption a selection must be made from the mass of property sold, and when no such selection had been made or agreed upon at the time of the sale. The action, a proceeding in equity, was begun by the vendee to have determined the extent of its liability to creditors of the vendor, it being admitted that it was coextensive with the value of the goods purchased, less the seller's

exemption. It was held that the debtor, or his agent, should have made, or claimed, the exemption, and that his assignee could not exercise the right.

In the case at bar, it is to be inferred, and the contrary is not made to appear, that every article of property which entered into the sale which is attacked as void was exempt. In such a case, in my opinon, the provisions of the sales in bulk law do not invalidate the sale at the instance of creditors of the vendor.

It is not necessary to consider other questions. It follows from what has been said that the court was in error in directing a verdict for defendant, and ought to have directed one for the plaintiff.

The judgment is reversed, and a new trial granted.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.