SEITZ *v.* STARKS.

1. GARNISHMENT—INDEBTEDNESS OF GARNISHEE—QUESTION FOR JURY.

Where, in garnishment proceedings, the defense is that the garnishee defendants did not purchase certain goods from the principal defendants, but from a creditor of the principal defendants, to whom the principal defendants had sold them, and the plaintiff claims the defense is a subterfuge and pretense, made for the purpose of defeating the garnishment proceedings, the issue raised is one of fact for the jury.

2. EVIDENCE—FRAUDULENT CONDUCT—RES INTER ALIOS ACTA.

Where, in garnishment proceedings, the defense is that the garnishee defendants did not purchase certain goods from the principal defendants, but from a third person, to whom the principal defendants had sold them, the admission in evi-

dence of testimony concerning a sale of other goods by the principal defendants to other persons, of which the garnishee defendants had no knowledge, and which is claimed to have been fraudulent, is prejudicial.

3. WITNESSES—IMPEACHMENT—IMMATERIAL MATTER.
In garnishment proceedings the defense was that the garnishee defendants did not purchase certain goods from the principal defendants, but from a third person, to whom the principal defendants had sold them. The principal defendants having testified in the case, they were cross-examined in relation to a sale of other goods to other parties, about which they had not been questioned on direct examination, and about which the garnishee defendants were not shown to have any knowledge. *Held*, that the bona fides of the other sale was immaterial to the issue, not proper cross-examination, and that testimony that such sale was in fact fraudulent was not admissible for the purpose of impeachment.

4. GARNISHMENT—EVIDENCE—ADMISSIBILITY.
The issue being whether the garnishee defendants bought the goods from the principal defendants or from a creditor of the principal, to whom the principal had sold them, it being plaintiff's claim that a member of the creditor firm negotiated the sale from the principal to the garnishee, an unsigned memorandum of the contract of sale drawn by the creditor's bookkeeper under direction of the member of the firm negotiating the sale, and delivered to the garnishee defendants and kept by them until after process in the suit was served, is admissible.

5. TRIAL—INSTRUCTIONS—ASSUMPTION OF DISPUTED FACTS.
An instruction that certain facts are undisputed, when in fact they are disputed, is properly refused.

6. SAME—SINGLING OUT TESTIMONY.
The trial judge should avoid calling specific attention to the truth or falsity of the testimony of a particular witness, and the interest of the parties on one side.

Error to Berrien; Coolidge, J. Submitted January 31, 1906. (Docket No. 80.) Decided July 3, 1906.

Garnishment proceedings by William H. Seitz and Eugene O. Roniger, copartners as Seitz & Roniger, against Levi Starks and William Abel, copartners as

144 MICH.—29.

Starks & Abel, as garnishees of Joseph, George, and
Charles Edgcumbe, copartners as Edgcumbe & Sons.
There was judgment for plaintiffs, and defendants bring
error.   Reversed.

*G. M. Valentine*, for appellants.

*Gray & Seitz* (*L. C. Fyfe*, of counsel), for appellees.

McALVAY, J. . This is the second time this case has
been before this court.  A reference to *Seitz* v. *Starks*,
136 Mich. 90, will disclose the questions passed upon at that
time.   From a judgment in favor of plaintiffs, defendants
have again brought the case here upon writ of error,
claiming that the present record differs from the former
one in several important particulars, and we are asked to
reverse the judgment of the lower court on account of er-
rors claimed to have been committed as to those matters.
The principal dispute in the case is whether these gar-
nishee defendants were in fact indebted to Edgcumbe &
Sons, principal defendants.   The principal defendants
were engaged in the grocery business, and also carried a
stock of wall paper.   Plaintiffs claim that the garnishee
defendants were indebted to the principal defendants at
the time suit was commenced for the stock of groceries
and fixtures purchased by them from the principal de-
fendants.   The defense is that no sale was made to the
garnishee defendants, but that the sale was made to an-
other party, the Kidd, Dater & Price Company, from
which the garnishee defendants purchased said stock.
Plaintiffs insist that this defense is a subterfuge and a pre-
tense, made for the purpose of defeating the garnishee
proceedings.   This is obviously an issue of fact for the
jury.

We will consider the matters which are claimed by de-
fendants to be errors not arising in the former case, in the
order presented :

1. That the court erred in admitting testimony relative
to the sale, inventory, and delivery of the stock of wall

paper to one Rice. The sale of the wall paper was not connected with the sale of the groceries and fixtures. These defendants are not shown to have had any knowledge of that sale. It occurred evidently after this suit was commenced, as the garnishment is mentioned by Rice in his testimony. Defendants insist that it is immaterial. It is claimed as admissible because referred to by Edgcumbe, defendants' witness, upon direct examination. He was cross-examined at length upon the matter, as was also his son, who was one of the firm, who had not referred to the transaction upon direct examination, and the witness Rice was produced by plaintiffs for the purpose of discrediting the Edgcumbes. The testimony of Rice tended to prove that this sale was made in the manner he described for the purpose of avoiding garnishment and in fraud of creditors. The matter was immaterial to this issue, and therefore not proper as cross-examination or for purposes of impeachment. Its effect was certainly prejudicial to these defendants who could not be bound by fraudulent conduct in a transaction, occurring after their purchase, to which they were not parties, and of which they were not shown to have any knowledge. The court was in error in permitting the introduction of this evidence.

2. The unsigned paper claimed by plaintiffs to be a memorandum of the actual transaction between Edgcumbe & Sons and the garnishee defendants was considered in the former opinion, and was held properly admitted as a circumstance tending to show the relation of vendors and vendees between these parties. It is claimed that this record shows that the Edgcumbes had no knowledge that this paper was made by Kidd, Dater & Price Company's bookkeeper, and delivered to garnishee defendants, and it was therefore error to allow it in evidence. Plaintiffs' evidence tended to show that Dater, of this company, negotiated this sale between Edgcumbe & Sons and defendants; that he was acting for Edgcumbe & Sons; that such part of the stock of groceries as defendants did not need Kidd, Dater & Price Company would take; that

part of the fixtures were purchased by defendants from Edgcumbe & Sons later when the inventory was completed; that defendants admit they did not know it was claimed they were purchasing from the Kidd, Dater & Price Company until after service of the garnishee process. Under plaintiffs' theory the paper was admissible. The relation of Dater to the transaction is in dispute. From the evidence the jury could find that he was acting for the principal defendants in making the sale to the garnishee defendants, and his testimony shows that he directed his bookkeeper to draw a paper; that he saw this paper, heard it read, and approved it, but claims that he did not give it much attention; and that the instructions he gave the bookkeeper were to draw a memorandum between the Edgcumbes and his company. This paper was in fact delivered to these garnishee defendants and kept by them until after process in this suit was served.

3. It is claimed that, as to the sale of the groceries and fixtures being made at the same time by one sale, the evidence is undisputed, and that the court should have so charged the jury. The requests referred to assumed what was not true as to the evidence. There was a dispute as to the facts mentioned. The requests were properly refused.

4. The court properly refused to instruct the jury relative to the effect of a judgment in this suit against the garnishee defendants and paid by them, as a defense against any indebtedness Kidd, Dater & Price Company might claim on account of this transaction. See former opinion in this case.

5. The other errors claimed refer to the reception and rejection of testimony and the charge of the court. As to these rulings of the court upon the evidence we do not find anything to the prejudice of defendants. We find no error in giving the requests to charge on the part of plaintiffs. It is claimed that in his main charge the court was argumentative, and was in error in saying, among other things: "It is therefore important for you to de-

termine whether Mr. Dater is testifying to the truth. As I say, if he is testifying to the truth, then the effect of this contract is entirely destroyed "—and also: "These parties, being interested, take the stand and testify positively to those facts." The court should have avoided calling attention so specifically to the truth or falsity of Dater's testimony and the interest of the parties on one side. We do not find any testimony of such statements made by Mr. Edgcumbe relative to this sale as appeared in the former trial and were held to be improper, nor is any such testimony pointed out by defendants' counsel. The trial judge, in referring to his statement, either did so inadvertently, or referred to statements made by him in the presence of, or to, the defendants. We think the case warranted the language of the court in referring to the contradictory statements of defendants made out of court and on the witness stand. With the exception above stated, the charge by the court fairly submitted the case to the jury.

For the errors pointed out, the judgment is reversed, and a new trial ordered.

GRANT, OSTRANDER, HOOKER, and MOORE, JJ., concurred.