Oakes v. Marquardt.

## OAKES v. MARQUARDT.

1. **Garnishment : EVIDENCE.** In a garnishment proceeding, to subject the earnings of a debtor to the payment of a debt, the garnishee or defendant has the burden to establish that the amount due from the garnishee is exempt from liability for the obligations of the latter.

*Appeal from Johnson Circuit Court.*

FRIDAY, DECEMBER 6.

THE defendant was garnished as the debtor of William Scott, in a proceeding before a justice of the peace. Scott claimed that the debt was exempt from garnishment for the reason that it was for the personal services of himself and sons, rendered within the ninety days next preceding the garnishment. Judgment was rendered against plaintiff, and upon an appeal to the Circuit Court a like judgment was rendered. Plaintiff appeals.

*Younkin & Younkin* and *Geo. B. Edmonds,* for appellant.

*Remley & Swisher,* for appellee.

BECK, J.—I. The cause was submitted to the Circuit Court upon the answer of the garnishee, and an agreed statement of facts. The error assigned by the plaintiff is that the evidence does not sufficiently support the judgment of the court below.

1. GARNISHMENT : evidence.

The record shows that Scott and two sons, one a minor, performed certain work in building a foundation for a stable, digging a vault for an out-house, and hauling sand. Scott employed other men while engaged in the work. He spent seventeen and one-half days upon the job; how many days his sons and other men employed by him were engaged does not appear. The value of the labor of Scott is not shown, nor does it appear what was the value of the labor of his sons, or of the

Oakes v. Marquardt.

men hired to assist in the work. The whole work is shown to be worth one hundred dollars, and seventy or seventy-five dollars has been paid to Scott. The amount of plaintiff's judgment and costs is twenty-two dollars and fifty-five cents. The question for the Circuit Court's decision was whether the amount of plaintiff's claim was exempt as the personal earnings of Scott and his sons? That some part was exempt may be true. How much? This question no one can answer upon the facts shown from the record. No approximation of the sum exempt can be reached. The best that can be done is to *guess* that Scott, working seventeen and one-half days, with two sons for a time not stated, would earn more than twenty-two dollars and fifty-five cents. Indeed, that supposition appears reasonable, and we much regret that in this little case we are not permitted to *guess* at the facts. Our *guess* would surely be for defendant, thereby upholding the decision of the court below. But the law will not permit judgments to be rendered in this manner.

The burden rested upon defendant or Scott to show by competent evidence that the debt was exempt from garnishment. Unless so shown it must be held subject to the plaintiff's judgment. But, as we have seen, the evidence is too uncertain and too indefinite to authorize a judgment holding the debt exempt. The defendant failing to show that the debt was exempt, a judgment should have been rendered against him for the amount of plaintiff's claim.

II. But it is said that we will presume in favor of the Circuit Court's finding of facts. The trouble with this position is, the record shows that the judgment was without the support of sufficient evidence to authorize the conclusion that the whole of the debt garnished was exempt.

REVERSED.