## W. J. NIX, Appellant, v. HENRY GOODHILL.

**Torts:** GARNISHING EXEMPT WAGES. An action will lie against one who maliciously, and without probable cause, garnishes the exempt earnings of his debtor, knowing them to be exempt, with the purpose of harrassing the latter's employers, and thereby compelling him to pay, out of such exempt money, in order to avoid discharge.

*Appeal from Delaware District Court.*—HON. J. J. NEY, Judge.

FRIDAY, MAY 31, 1895.

Plaintiff is a judgment debtor of the defendant. He was an employe of the Illinois Central Railway Company, and the head of a family. On the twenty-first day of January, 1894, there was due him from the company his wages for the forty days next preceding, which, because his personal earnings, were exempt from execution. The defendant took execution on his judgment, and garnished the company, and on the day that the garnishment was returnable the proceeding was dismissed. Plaintiff brings this action, alleging: "That the said railroad company pay their employes monthly, about the twenty-fifth day of each and every month, and on the twenty-first day of January, 1894, there was due plaintiff from said railroad company his earnings for his personal services for the forty days next preceding said twenty-first day of January, 1894, and no more. That on the said twenty-first day of January, 1894, the defendant, well knowing that plaintiff was the head of a family, and a resident of the state of Iowa, and an employe of said railroad company, and that no money or property of this plaintiff was in the hands or under the control of said railroad company

other than his earnings for his personal services for a period not to exceed forty days prior to said twenty-first day of January, 1894, and well knowing that said personal earnings were exempt from execution, and would be paid by said railroad company to plaintiff in a few days, did, on said twenty-first day of January, 1894, knowingly, willfully, and maliciously, and with the purpose and intent to vex, harass, and injure this plaintiff, and to deprive him of said money, and the use thereof, and to unlawfully subject said exempt money to the payment of debts, and to vex, harass, and annoy said railroad company, so as to cause said railroad company to discharge plaintiff from their employ, and to cause and compel this plaintiff, in order to prevent such discharge, to use such exempt money, against his will, to pay the judgment hereinafter mentioned and described, cause and direct G. H. Odell, the sheriff of Delaware county, Iowa, to garnish and attach plaintiff's said exempt money and earnings for his personal services for a period of not to exceed forty days prior to said twenty-first day of January, 1894, then amounting to the sum of twenty-five dollars in the hands of said railroad company, by seizing and attaching said money by garnishing said railroad company." Then follow some averments as to the judgment and the items of actual damage sustained. The court sustained a demurrer to the petition, and the plaintiff appealed.— *Reversed.*

*Charles Husted* for appellant.

*Yoran & Arnold* for appellee.

Granger, J.—The only question in the case arises on the demurrer to the petition. Because of a growing practice in the state, the question is an important one. By observing the averments of the petition it will be seen that the action is for an abuse of legal process in a

civil suit, the defendant having directed the sheriff to serve the execution by a garnishment of the company for a debt due for personal earnings exempt from execution.  It is a rule of law of very general recognition that an action will lie for an abuse of such process.  In Cooley on Torts (2d Ed., p. 220), it is said:  "If process, either civil or criminal, is willfully made use of for a purpose not justified by the law, this is abuse for which an action will lie."  The same section gives some illustrations, as "entering up a judgment and suing out execution after a demand is satisfied, suing out an attachment for an amount greatly in excess of the debt; causing an arrest for more than is due, and levying an execution for an excessive amount."  These are but some of the abuses for which an action will lie.  In fact, the right to such an action is not seriously to be questioned, but the more difficult question is, what is an abuse of process, so as to render it actionable?  We should be careful to observe a distinction between suing out of a writ and the improper use of the writ after it is issued, for such a distinction is preserved on authority.  See *Bartlett v. Christhilf*, 14 Atl. (Md.) 518.  In the same case it is said:  "There are instances in which the writ, regularly and properly sued out, was perverted, abused, and made an instrument of oppression.  Either something not warranted by its terms or something in excess of that which was warranted was done under it.  It would, indeed, be a serious reproach to the law, if in such cases it afforded no remedy or redress to the injured party.  The denial of a remedy in such cases, upon the ground that the law was incapable of affording redress, would be a most serious reflection upon the remedial efficacy of any system of jurisprudence.  It would proclaim to the evil disposed an unrestricted license to vex, harass, and injure without accountability, even though their victims should be utterly ruined in their circumstances."  In the same case it is said:

"A malicious abuse of legal process consists in the malicious misuse or misapprehension of that process to accomplish some purpose not warranted or commanded by the writ." In 2 Addison, Torts, section 868, it is said: "Whoever makes use of the process of the court for some private purpose of his own, not warranted by the exigency of the writ or the order of the court, is answerable to an action for damages for an abuse of the process of the court." The authorities are strong, if not quite uniform, that the unlawful use of the process must be malicious, and without probable cause; the rule being akin, in that respect, to actions for malicious prosecution. In fact, the two actions are of the same general character, the one being the malicious prosecution of a suit and the other the malicious use of process issued in aid of a proceeding, either pending or determined. Keeping in view that such an action is warranted when the process of the court is maliciously and without probable cause misused or misapplied to accomplish some purpose not warranted or commanded by the writ, we are in position to apply the rule to the facts in this case. The property in question is by law exempt from execution, which means that it is not to be seized upon execution for the debts of the owner. Code, section 3072. Hence such a levy is not warranted under the law. The execution, if against the property of the judgment debtor, requires the sheriff "to satisfy the judgment and interest out of property of the debtor subject to execution." Code, section 3033. It is thus seen that nothing in the law nor on the face of the process warrants the seizure of exempt property. But where it is done, more than the unwarrantable act is required. It must be done maliciously, and without probable cause. In this case it is admitted that the defendant directed the garnishment, not only with knowledge of the exemption, but maliciously, and with a purpose unlawfully to subject the exempt money to

the payment of his debt, by vexing and harassing the company, and to compel the plaintiff, in order to avoid a discharge, to use the exempt money against his will to pay the debt. The facts bring the case clearly within the rule. It is clearly an unlawful use of the process, and as clearly an abuse of it. Appellee seems to think the fact important that the execution was valid, and that what was done "was in excess of that which was warranted." The rule of the authorities is that such an action lies for an abuse of process legally issued. In *Bartlett v. Christhilf, supra,* it is said, in speaking of such an abuse of process: "In brief, it is the malicious perversion of a regularly-issued process to accomplish some purpose whereby a result not lawfully nor properly attainable under it is secured." That is precisely what was done under the process in this case. Appellee makes the claim that the exemption was the debtor's personal privilege, which might be claimed or waived at his option. The same would be true of the levy upon the property of a third person. If he did not assert his rights, his property might be sold for the debts of another. But would the law permit it to be taken with the purposes and motives admitted in this case, without remedy for such an act? We think it is a mistaken view that the exempt property of a judgment debtor may rightfully be taken on execution, relying on the exercise of a personal privilege to retake or protect it as exempt. It is protected from interference in such manner both by the law and the face of the writ, which commands the taking of property not exempt from execution. The rule claimed for this personal privilege would permit the judgment creditor to enter the home, and take therefrom provisions and household goods, exempt, with the purpose to vex and harass the debtor into the payment of a debt or judgment. Such a proceeding is a misuse and abuse of the processes of the court, and, when done with the

motives indicated, it is actionable. No case cited, nor that we have discovered, is against such a rule. The demurrer to the petition should be overruled.— *Reversed.*