PATRICK HAYS v. J. J. BERRY, Defendant, and J. J. PORTER AND HAINES & LYMAN, Interveners, Appellants.

104   455
a110  447
a110  448
104   455
117    71
104   455
124   545

**Landlord's Lien:** EXEMPTION; *Burden of proof.* Though the burden of proof is upon the landlord to show that property distrained was owned by the lessee, and used in the demised premises, under Code, 1873, section 2017, the one who asserts that the lien does not

attach, by reason of the property being exempt, must prove such fact.

INNOCENT PURCHASERS. Want of notice on behalf of the vendee of property sold by a lessee, that it was subject to a landlord's lien does not divest the lien, nor afford the purchaser protection against it.

*Appeal from Poweshiek District Court.*—HON. D. RYAN, Judge.

SATURDAY, JANUARY 22, 1898.

*Affirmed.*

*Haines & Lyman* for appellants.

No appearance for appellee.

LADD, J.—As the value of the horse in controversy is under one hundred dollars, the questions involved are presented in the certificate of the trial judge. These may be stated rather than set out in detail. It appears that the plaintiff executed a lease of his farm for three years, beginning March 1, 1894, to Berry, who took possession thereunder, and used six or eight horses on the premises. In 1895 he traded one of these to Simmons for the black horse in controversy, which he also kept and used on the farm. In 1896 Berry exchanged it with Frost for another. Frost traded this black horse to the intervener Porter, who used it on the farm he had leased from Haines & Lyman. Berry absconded in August, 1896, owing the plaintiff rent to the amount of several hundred dollars, for the recovery of which this action was begun, and a landlord's writ of attachment issued therein, and levied on said horse while in the possession of Porter, and on the farm of Haines & Lyman, to whom Porter was indebted for rent. Porter intervened, claiming the horse was not subject to the landlord's lien of plaintiff, while Haines & Lyman

averred that their lien was superior. Porter, when he received the horse from Frost, had no actual notice that it had ever been owned by Berry, or that it had ever been used on plaintiff's farm. It was not shown that Berry did not claim the horse as exempt to him under the statute.

I. In such a case, is the burden of proof on the landlord, in order to establish his lien, not only to show that the property was owned by the lessee and used on the demised premises, but also that it was not exempt from execution? The statute gives the landlord "a lien for his rent upon all crops grown upon the demised premises, and upon any other property of the tenant which has been used on the premises during the term and not exempt from execution." Code 1873, section 2017. The authorities seem to agree that the purpose of exemption is to protect the family of the debtor from want, by not permitting his creditors to strip from him the necessities of life and the means of support, and that the right to the exemption is a personal privilege, to be asserted by the debtor. His wife may do so if he absconds. Code 1897, section 4016. *Nix v. Goodhile*, 95 Iowa, 282, does not announce a different rule. It has been adjudged by this court that the burden is on the defendant or garnishee to show that the money owing by the latter is exempt as personal earnings. *Oaks v. Marquardt*, 49 Iowa, 643. No exemptions were allowed at common law, and, as the great mass of property is subject to the satisfaction of debts, these are exceptions to the general rule. If, then, it was made to appear that the horse levied on was owned by Berry, and used on the leased premises, the burden was upon him who asserted that the lien did not attach by reason of the property being exempt, to so prove. Section 4017 of the Code was enacted to obviate any waiver by reason of the surrender of the property to the sheriff, or failure

to object to the levy by the debtor, in ignorance of his rights, in supposed obedience to one in authority. The question of proof was not involved in *Bank v. Honnold*, 85 Iowa, 352, the court simply holding, in that case, that the lease was, in effect, a mortgage, and the property, being exempt to the lessee, was not subject to the landlord's lien. In *Richardson v. Peterson*, 58 Iowa, 724, the defendant did not allege that the property was exempt, nor argue that, by reason thereof, the lien did not attach, but rested his defense solely upon the proposition that a sale of the property to the intervener, Kurz, without actual notice thereof, divested the landlord's lien. The facts in this case illustrate the necessity of the rule placing the burden of proof upon the party alleging the exemption. Berry had six or eight horses, any two of which he might have held as exempt under the law; but because of his failure to make an election which he would claim, and having absconded, so that he could not be required to do so, it was utterly impossible to establish the plaintiff's lien on any of them, if appellant's position were adopted. The same would be true with reference to other property. The question must be answered in the negative.

II. The other two questions are involved in that already stated. Haines & Lyman acquired no better right to the horse than Porter, and the case of *Richardson v. Peterson, supra*, adjudges that the purchase by Porter without notice would afford him no protection. See, also, *Blake v. Counselman*, 95 Iowa, 219.—AFFIRMED.