OMER WEAVER, Appellant, v. FRITZ FLORKE, Defendant; MARTHA HOPP, Intervener, Appellee.

**LANDLORD AND TENANT:** Actions—Lien—Priority Over Purchaser. In a contest between a landlord and a purchaser of property after it had been taken and used upon the leased premises, the exact *time* of purchase is quite immaterial. The all-controlling question is the exempt or nonexempt character of the property.

**LANDLORD AND TENANT:** Actions—Intervention—Necessary Allegations. An intervener in a landlord's attachment who claims an automobile by purchase from the tenant, who had used the same on the leased premises, must (1) allege and (2) prove that the automobile was exempt to the tenant.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

FEBRUARY 13, 1923.

REHEARING DENIED MAY 18, 1923.

THE plaintiff procured a landlord's writ of attachment, and levied the same on a certain automobile kept on the leased premises. The appellee intervened, claiming to have purchased the automobile from the tenant. The court entered judgment in favor of the intervener for the value of the automobile. Plaintiff appeals.—*Reversed and remanded.*

*Griffin, Griffin & Griffin* and *H. B. Walling*, for appellant.

*Shull, Stilwill, Shull & Wadden* and *George W. Sturges*, for appellee.

FAVILLE, J.—The defendant leased of the appellant a certain farm in Woodbury County, for the term of one year. The

lease expired March 1, 1921. Defendant was a married man, and occupied said farm under said lease. On October 15, 1920, appellant procured a landlord's writ of attachment, to secure the rent due under said lease. The sheriff served the said writ on the 18th of October, 1920, by levying upon the grain grown on the leased premises, and also upon one stallion and one five-passenger automobile. The defendant served notice on the sheriff, claiming the said stallion as exempt property, and it was released to the defendant. The intervener served notice on the sheriff, claiming ownership of said automobile. Appellant furnished the sheriff an indemnifying bond, and said automobile was sold at sheriff's sale, and $619.25 realized thereon, after the payment of the sheriff's costs. The defendant interposed no defense to appellant's action, and judgment was rendered against him for the amount of the rent due. The appellee Martha Hopp filed a petition of intervention in said cause, alleging that the defendant owed her the sum of $600, and that, on the 18th of October, 1920, the defendant sold the automobile in question to the intervener, in payment of said debt, and that a bill of sale for said automobile was executed by the defendant on the 18th of October, 1920, which was recorded on the 19th of October, 1920. The intervener alleged that the said automobile was worth the sum of $800, and prayed judgment for said sum.

For answer to the petition of intervention, appellant admitted the levy on said automobile and the sale thereof by the sheriff, and averred that the automobile was subject to the landlord's lien, and denied the intervener's ownership thereof. By agreement of parties, a jury was waived, and the cause was tried to the court, which entered judgment in behalf of the intervener in the sum of $800.

I. The first question for our determination is whether or not, upon the record, the court erred in holding that the automobile in question was not subject to the landlord's lien at the time of the alleged sale by the defendant to the intervener. Under Section 2992 of the Code, a landlord has a lien for his rent upon all crops grown upon the leased premises, and upon any other personal property belonging to the tenant which has

1. LANDLORD AND TENANT: actions: lien: priority over purchaser.

been used and kept thereon during the term, and not exempt from execution. It is undisputed in the record that the automobile in question was owned by the tenant, and was kept by him on the leased premises during the term. This situation was known to the intervener, who was employed by the defendant, and who lived on the farm, and frequently used the automobile in question. There is conflict in the evidence as to whether or not the alleged sale of the automobile to the intervener took place, in point of time, before the levy of the landlord's writ of attachment. It is contended that, under Chapter 275 of the Acts of the Thirty-eighth General Assembly, the title to an automobile does not pass until the certificate of registration is duly transferred. As we view it, this is a matter of no moment in the instant case. If the appellant had a landlord's lien upon the automobile under the statute, such lien was effective as against the intervener, without any levy of a landlord's writ of attachment. The lien, if any existed, did not date from the time of the levy of the landlord's writ of attachment, but came into existence in behalf of the landlord when the tenant's property was taken upon the leased premises. This is by virtue of the statute. If the appellant had a landlord's lien on the property, it could not be defeated by a sale of the property to the intervener, even though said sale had been effectuated prior to the levy of the landlord's writ of attachment. It is immaterial to the present inquiry whether title to the property passed by delivery, or by the execution of the bill of sale, or by the transfer of the certificate of registration, under Section 18 of Chapter 275 of the Acts of the Thirty-eighth General Assembly. If appellant had a lien by reason of the fact that the property had been kept and used on the leased premises, his lien could not be defeated by a sale to the intervener, no matter in what manner the sale was effected or how it was evidenced. The lien, having once attached by virtue of the fact that the property had been kept and used upon the leased premises, would be superior to any attempted sale by the tenant for the statutory period during which the lien existed.

II. The lien, however, does not attach to exempt property. It is the contention of the appellees that, under the evidence in the case, the automobile in question was exempt to the

2. LANDLORD AND
TENANT: ac-
tions: interven-
tion: necessary
allegations.

tenant, and, therefore, that the landlord's lien did not attach thereto, and the tenant could sell the same and pass good title, free from the landlord's lien. It is undoubtedly true that, if the automobile in question was exempt to the tenant, the landlord's lien did not attach thereto, and the tenant could sell the same and pass good title, free from the lien of the landlord.

The appellee is met with two propositions in regard to this contention. The first concerns the pleadings, and the second concerns the proof. Appellee intervened in the suit brought by the landlord, and set up her claim to the automobile. This procedure is authorized by Sections 2993 and 3928 of the Code. The latter section provides that, in an attachment suit, the petition of intervention stating a claim to the property shall set forth the facts upon which the claim is founded. In this case, the petition of intervention of appellee alleged that the landlord's writ of attachment had been levied upon the automobile in question, and that the said automobile had been sold and conveyed to the appellee in payment of a debt of $600 due for wages, and that said sale was made and a bill of sale executed therefor on the 18th of October, 1920. As stated, the appellee now contends that the property was exempt property in the hands of the tenant, and that, therefore, title to the same could pass to the appellee free of any lien in favor of the landlord. There is no hint or suggestion in any of the pleadings that the property was exempt in the hands of the tenant, and that because thereof the landlord had no lien upon said property. The sole allegation of appellee is to the effect that the intervener purchased the property from the tenant on the 18th of October, 1920.

In Hays v. Berry, 104 Iowa 455, we had before us a somewhat similar question. In that action, a suit was brought by a landlord to recover rent, and a landlord's writ of attachment was levied on a horse which had been kept and used by the tenant on the leased premises. The tenant, one Berry, had traded this horse to another party, who in turn had traded it to a third party, who intervened in said action, claiming that the horse was not subject to the landlord's lien. It was not shown that the tenant did not claim the horse as exempt to him under the statute. We said:

"In such a case, is the burden of proof on the landlord, in order to establish his lien, not only to show that the property was owned by the lessee and used on the demised premises, but also that it was not exempt from execution? * * * It has been adjudged by this court that the burden is on the defendant or garnishee to show that the money owing by the latter is exempt as personal earnings. *Oakes v. Marquardt,* 49 Iowa 643. No exemptions were allowed at common law, and, as the great mass of property is subject to the satisfaction of debts, these are exceptions to the general rule. If, then, it was made to appear that the horse levied on was owned by Berry, and used on the leased premises, the burden was upon him who asserted that the lien did not attach by reason of the property's being exempt, to so prove. * * * The facts in this case illustrate the necessity of the rule placing the burden of proof upon the party alleging the exemption. Berry had six or eight horses, any two of which he might have held as exempt under the law; but because of his failure to make an election which he would claim, and having absconded, so that he could not be required to do so, it was utterly impossible to establish the plaintiff's lien on any of them, if appellant's position were adopted. The same would be true with reference to other property. The question must be answered in the negative."

In the case at bar, there is no allegation by any party raising the question that the automobile in suit was exempt property in the hands of the tenant. The property having been used and kept upon the leased premises during the term of the lease, the landlord's lien, *prima facie* at least, attached thereto. As stated in the *Hays* case, the burden would not rest upon the landlord to allege or prove the negative proposition that the property was not exempt to the tenant. The burden rested upon the intervener, under such circumstances, to both allege and prove that the lien of the landlord did not attach to it, and therefore that the sale to the intervener was valid because the property was exempt in the hands of the tenant. There being no pleading tendering such issue, the intervener was not entitled to relief on this ground.

III. It is contended by the appellant that, under the evidence, the automobile in question was not exempt to the tenant.

The statute, Code Section 4008, provides that if the debtor is a farmer he may hold exempt from execution "a team, consisting of not more than two horses or mules, or two yoke of cattle, and the wagon or other vehicle, with the proper harness or tackle, by the use of which he habitually earns his living, otherwise one horse."

In *Lames v. Armstrong,* 162 Iowa 327, we held that an automobile was exempt to a general agent of life insurance, under the facts proved in said case, and said:

"An automobile is a vehicle within this law. It serves the purpose of a wagon or other vehicle. That it is a vehicle there can be no doubt, and that the motive power is gasoline instead of a horse or horses is not material under the exemption law."

In *Hart v. McClellan,* 187 Iowa 866, we denied the claim of exemption of an automobile on the ground that the owner had not used the same in making his living, but implied that the automobile would have been exempt if the owner had brought himself within the class of persons described in the statute.

We recently discussed the question in *Waterhouse v. Johnson,* 194 Iowa 343, wherein we held, under the facts of said case, that an automobile was exempt to a tiler.

In order to claim the exemption, a party must come fairly within the terms and provisions of the statute.

In view of a probable retrial of this action, we express no opinion as to whether or not the evidence offered upon the trial was sufficient to have supported a claim of exemption had the same been properly in issue, but content ourselves with the holding that the burden rested upon the intervener to both allege and prove that the property was exempt in the hands of the tenant, and, therefore, was not subject to the appellant's lien.

For the reason pointed out, the judgment of the trial court must be reversed, and the cause remanded for new trial. It is so ordered.—*Reversed and remanded.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.