LOTTIE A. SPARKS, Appellant, v. FRED FLESHER, Appellee.

No. 42204.

FEBRUARY 13, 1934.

Howard L. Bump and Henderson & Wilson, for appellant.

Watson & Watson, for appellee.

MITCHELL, J.—Lottie A. Sparks is the owner of 240 acres of land about eleven miles south of Winterset in Madison county, Iowa. On the 27th day of September, 1928, she made a written lease of this farm to John Swan and wife, Vivian, for a period of three years, commencing March 1, 1929, and ending March 1, 1932, for an annual cash rental of $1,320. This lease was not recorded, or filed.

John and Vivian Swan entered into possession of the land about March 1, 1929, and occupied it until a few days after March 1, 1932. There was due Lottie A. Sparks for rent from the Swans, when they moved off the premises, the sum of $420.

On January 23, 1932, John Swan sold 54 hogs to Fred Flesher, the appellee, for the sum of $422.96, and this money was not paid on the rent, but was applied on a note at the bank at Granger that the Swans owed. Lottie A. Sparks commenced an action against Fred Flesher for the sum of $420, together with interest and costs. In her petition she alleged that by virtue of the statutes of Iowa she had a lien upon all the personal property kept or used upon the premises rented by the Swans from her; and that by reason of the act of the appellee Flesher in purchasing the said hogs on which the appellant had a lien for the payment of rent from John Swan and wife, appellant was damaged in the sum of $420, being the amount of the rent due from the Swans to the said Lottie A. Sparks. Appellee Flesher filed an answer, denying that he was indebted to the appellant in any amount, and among other defenses pleaded that the appellant had consented to the sale of the hogs, and that by reason thereof appellant was estopped from claiming any lien on said hogs as against this appellee, and waived her landlord's lien, if any she had, on said hogs. He further set up as a defense that John Swan was a resident of the state of Iowa and the head of a family, and that not any of the hogs which the appellee purchased from the said John Swan were kept or used on the premises described in appellant's petition after said hogs were six months old, and that the sale alleged in appellant's petition, to this appellee, was not consummated on the premises described in appellant's petition but was made on the premises occupied by George Swan, where all of said hogs were kept at the time of said sale, and this appellee had no knowledge that they had ever been kept on the premises described in appellant's petition. Evidence was taken and the case submitted to a jury, which returned a verdict in favor of the appellee. The appellant, not being satisfied with the verdict and complaining of certain instructions given by the court, within the time prescribed by law, filed exceptions to instructions and a motion for new trial. In due time they were submitted to the lower court and overruled, and appellant has appealed to this court.

There is no dispute in the record that Lottie A. Sparks, the appellant, rented the real estate described in the petition to John

Swan and Vivian Swan, and that John and Vivian Swan under the terms of the lease entered into possession of said property; that at the time they moved off of said property there was due the said Lottie A. Sparks the sum of $420 for rent. Nor is there any dispute in the record that the 54 hogs which were purchased by the appellee, Fred Flesher, were farrowed on the farm which appellant rented to the Swans. There is some dispute in the record as to how long the hogs were kept on the Sparks farm. The testimony of Swan and other witnesses is that before the hogs had reached the age of six months they were removed from the Sparks farm to another farm some little distance away, and that when they were nine months old, while on the farm some distance from the Sparks farm, they were sold by Swan to the defendant Flesher; that they were not returned to the Sparks farm by Swan after he took them off the farm, at which time they were only five months of age. It is true, the appellant offered some testimony to show that they were still on the Sparks farm, and there is also some evidence in the record that they were brought back to the Sparks farm after the sale by Swan to Flesher for the purpose of weighing and loading them. This dispute in the record, however, was purely for the jury, and the jury found adversely to the appellant's contentions.

Lottie A. Sparks complains of certain instructions given by the court. In these instructions the court placed upon the appellant the burden of proving by a preponderance of the evidence that the hogs claimed to have been sold to the appellee were kept and used on the premises of the appellant after the same became six months old. The following is instruction No. 10, which is complained of by the appellant:

"Another defense made by the defendant herein is that the said hogs sold to the defendant Flesher by the said Swan, were removed from the premises of the plaintiff before the same were six months of age. And if you find by a preponderance of the evidence that prior to the time the said hogs belonging to the said Swan became six months of age, the said hogs were removed from the premises of the plaintiff, then you are instructed that the plaintiff had no lien upon said hogs. And if the said hogs were not afterwards kept or used upon the premises of the plaintiff, then no lien in favor of the plaintiff attached to said hogs, and the defendant would not be

liable ·in damages for purchasing the same, and your verdict in that event should be for the defendant."

The statutory lien which the landlord has in Iowa is as follows:

"10261. Nature of landlord's lien. A landlord shall have a lien for his rent upon all crops grown upon the leased premises, and upon any other personal property of the tenant which has been used or kept thereon during the term and which is not exempt from execution."

It will be noted, from the statute just quoted, that the landlord does not have a lien upon property which is exempt from execution. The statute specifically excepts that part of the property which is exempt from execution. Certainly, in face of the wording of the statute, giving the landlord a lien on all of the property on the leased ·premises except that which is exempt from execution, the burden of proving that the property kept on the premises was not of a class exempt from execution rested upon the appellant in this case, for the appellant would, under the statute, have no lien upon property which was exempt from execution. The appellant cites and argues with a great deal of force that under the rule as set out in the case of Weaver v. Florke, 195 Iowa 1085, 192 N. W. 23, the burden of proving the property exempt is not on the landlord, but upon the party asserting the exemption. But, in that case and in the case of Hays v. Berry, 104 Iowa 455, 73 N. W. 1028, cited with approval in the Weaver v. Florke case, the property might have been either exempt or not exempt, and in that case this court stated the burden would be upon the person setting up the exemption to show whether or not it was exempt. For example, where a tenant had more than two horses and would have to designate which two horses were exempt and which were not exempt, the burden would be on the person asserting the exemption to show which of the horses were exempt. But, in the case at bar, the appellant could not claim a lien against hogs under six months of age. There was no question as to designating property which was exempt or not exempt.. In order that the appellant might make out her case it was necessary that she show the hogs in question were kept on the leased premises after they became six months of age, because any hogs under six months of age were exempt, as the statute does not limit the number of exempt hogs under six months of age. Code, section 11760. The

burden rested upon the appellant to bring herself within the statute. That is, she must prove that the hogs were actually subject to execution while on the place. The appellant argues that a lien attached to the hogs when they were farrowed, but the statute itself says that the lien attaches only to "all other personal property not exempt from execution," and as, under section 11760, all hogs under six months of age are exempt from execution, the lien therefore does not attach until after the hogs become six months of age. The lower court was right in the instruction that it gave to the jury.

The appellant also complains that the court ignored the fact that she had a contract lien and that her contract lien gave her a lien upon the exempt property. However, the record shows, without dispute, that the written lease was not recorded or filed and that the appellee had no knowledge of said written lease.

The appellant also complains that the verdict is contrary to the evidence, and that the story of John Swan, the tenant, that he removed the hogs before they became six months old, is not reasonable and should not be believed. There is some dispute in the record in regard to just what happened, and whether or not the hogs were removed from the leased premises. The question was submitted to a jury. The jury found adversely to the contention of the appellant. There was ample evidence in the record to justify the verdict reached by the jury. In fact, upon the record it is hard to conceive how the jury could have arrived at any other verdict, but, as the jury passed upon this question, and as there was sufficient evidence to justify this verdict, this court will not disturb the verdict of the jury. The case was fairly tried below, proper instructions were given by the court, the jury returned a verdict in favor of the appellee, and there appears no error in the record. And the judgment of the lower court must be, and it is hereby, affirmed.

CLAUSSEN, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.