ESSEX COUNTY COURT OF COMMON PLEAS.

JOHN J. McGRATH, PLAINTIFF, v. JOHN B. KEENAN, GEORGE E. KAAS, JOHN DUYM AND FRANK HEMMER, DEFENDANTS.

Decided April 27, 1946.

For the plaintiff, *Armstrong & Mullen* (*Arthur C. Mullen*).

For the defendants Keenan, Kaas and Duym, *Thomas L. Parsonnet* (*Joseph A. Ward*).

For the defendant Hemmer, *Fast & Fast* (*Louis A. Fast*).

HARTSHORNE, C. P. J.   The gist of the present—the fourth amended—complaint is the allegedly malicious action of the defendants in causing plaintiff to be held to bail as a witness in criminal proceedings against third parties under the statute, *R. S.* 2:187–18, *et seq; N. J. S. A.* 2:187–18, *et seq.,* the which proceedings were ultimately dropped by the authorities, as were the above auxiliary proceedings against plaintiff as a witness.

The main objection leveled by defendants at this complaint is that same sounds in malicious prosecution, and that malicious prosecution lies only for the malicious institution of legal proceedings which seek an affirmative criminal adjudication against the defendant therein, or an affirmative civil adjudication, wth some specal grievance suffered by him different from and superadded to the ordinary expenses of a law suit.

But while this constitutes the basis of the ordinary proceeding for malicious prosecution, thus to limit one's right of recovery for the undoubted wrong of unjustifiably and maliciously setting the processes of the law in motion against another to his damage, would constitute not only a clear denial of justice, but run counter to the general principles governing such torts.   Basically, the forms of proceeding

known as actions for malicious prosecution, malicious abuse of process, false imprisonment and false arrest, while each differs in some particulars from the other, are all protective of an individual's "interest in freedom from confinement," whether such confinement be physically of the person or a limitation of one's personal rights of freedom, as in holding a person to bail; and "it is immaterial whether the act [of defendant] directly or indirectly causes the confinement," *i. e.,* whether the confinement or holding to bail is done by the defendant personally, or whether, as in the instant proceeding, he instigates the action of the authorities to that end. *Restatement Torts,* §§ 35, 37. Clearly, this freedom of the individual is as directly interfered with by his being held to bail as a witness in criminal proceedings, under the above statute, as by his being held to bail as a defendant to answer a criminal charge.

Moreover, while the assiduity of counsel has located no previous adjudication directly in point in any jurisdiction, this is doubtless due to the unusual state of facts, and authorities do exist upholding similar actions whose gist is other than the malicious institution of legal proceedings for an affirmative judgment against the plaintiff in the suit in question. The action has been held applicable, for instance, to cases of garnishment, purely auxiliary, as in the case at bar, to the proceedings in which judgment was obtained. *Nix* v. *Goodhile,* 95 *Iowa* 282; 63 *N. W.* 701. Again, in *New York P. and N. Railroad* v. *Waldron,* 116 *Md.* 441; 82 *Atl. Rep.* 709, plaintiff, who had been arrested and informally bailed as a witness in criminal proceedings against another, in much the same way as was plaintiff in the case at bar, was held entitled to maintain an action of false imprisonment against the persons who so arrested him and took bail, and this in a jurisdiction having a statute authorizing a magistrate to hold witnesses to bail in substantially the same way as does the above New Jersey statute. The only difference between that case and the case at bar is that there the defendant railroad company was, of course, not a magistrate authorized by the statute to detain plaintiff physically, or take money from him to bail him as a witness. Thus its action in so doing, being

without shadow of legal right, was a false imprisonment, rather than, as is alleged here, a lawful imprisonment, instituted maliciously and without probable cause. Somewhat similar, indeed, is the situation in *Walder* v. *Manahan*, 21 *N. J. Mis. R.* 1; 29 *Atl. Rep.* (*2d*) 395, where two doctors, who had had plaintiff committed to an insane asylum, but not formally adjudicated as a lunatic, were held liable in tort, when such commitment was found to have been unlawful. For further examples of cases where the malicious prosecution of proceedings of various sorts has been held to give rise to an action in the nature of malicious prosecution, see A. J., *Malicious Prosecution*, § 11; *Burdick, Torts,* 264, § 5. Hence, the individual's right of freedom from either confinement or restriction upon his liberty, remains the same and will be protected, whether such right is infringed by proceedings seeking an affirmative adjudication against such party, or mere auxiliary relief.

Defendants further attack the complaint herein on the ground that same is based upon plaintiff's physical arrest, as constituting an injury to the person, which is therefore barred, since more than two years have elapsed subsequent to such arrest. *R. S.* 2:24–2; *N. J. S. A.* 2:24–2. But here defendants misread the present complaint, which differs substantially from those previous filed. In the earlier complaints plaintiff relied upon his being physically held in confinement by defendants personally for a long period of time, previous to the time when plaintiff was brought before the magistrate and there held to bail. It is the latter situation only upon which the present complaint counts, and this solely by reason of defendants' allegedly malicious misrepresentations to the magistrate, resulting in plaintiff's holding to bail, this being an action on the case not barred for six years. *R. S.* 2:24–1; *N. J. S. A.* 2:24–1). While, of course, plaintiff was momentarily in custody in the magistrate's court before being held to bail by him, this is an inseparable incident of practically every holding to bail in a criminal proceeding. Yet since this temporary custody is not the gist of the action for malicious prosecution, same being the wrongful setting in motion of the processes of the law, *Pine* v. *Okzewski* (*Court of Errors*

*and Appeals*), 112 *N. J. L.* 429; 170 *Atl. Rep.* 825, but is a mere incident, this momentary incident cannot convert the basic character of the proceeding from an action on the case to one for an injury to the person. Such being the case, it is immaterial whether the present complaint is considered one for malicious prosecution or, on the contrary, for malicious abuse of process, *i. e.*, the use of lawful process "for purposes not justified by the law," *Schneider* v. *Mueller* (*Court of Errors and Appeals*), 132 *N. J. L.* 163; 39 *Atl. Rep.* (*2d*) 132, 133, because of the allegation in section seven of the first count, that defendants' object was "to put plaintiff in fear of said defendants so that he would cease investigation of violation of law in Newark's Chinatown." Nor is it material whether the proceedings complained of by plaintiff are, as to him, considered as civil or criminal. For even if civil, by his holding to bail he has clearly been "made to suffer other special grievance different from and superadded to the ordinary expenses" of a civil suit, the which give rise to a cause of action for malicious prosecution. *Schneider* v. *Mueller, supra.*

The final objection to the complaint is that its ten counts are repetitive and redundant. Of these the first five allege a conspiracy by the four defendants, separately and then jointly, to prosecute plaintiff maliciously, as aforesaid. The last five counts are substantially the same, with the elimination of the conspiracy charge. It is therefore important to note the difference between civil and criminal conspiracy. In criminal conspiracy "the agreement or conspiracy is the gravamen of the offense * * *. In civil actions, the conspiracy is not the gravamen of the charge, but may be both pleaded and proved as aggravating the wrong of which plaintiff complains." *Van Horn* v. *Van Horn*, 52 *N. J. L.* 284, 286; 20 *Atl. Rep.* 485; *affirmed*, 53 *N. J. L.* 514; 21 *Atl. Rep.* 1069. "The essence of the [civil] action, it seems, is not the conspiracy, but the damage done to the plaintiff * * *." *Kamm* v. *Flink*, 113 *N. J. L.* 582, 592; 175 *Atl. Rep.* 62, 68. Accordingly, in the present civil action, the gist of the first five counts is not the conspiracy, but the damage done plaintiff, as aggravated by defendants' conspiracy. While this

same wrong is alleged in both the first five counts and the last five counts, it is clear that separate counts for such wrong may be pleaded against the defendants individually, as well as jointly, and it would further seem that the aggravation of that wrong could be pleaded in counts separate from those not alleging such aggravation.

The motion to strike the present complaint is therefore denied.