In the Matter of Russell **THOMPSON,**
**Dixie A. Thompson, Debtors.**

**Bankruptcy No. 82–1648–W.**

United States Bankruptcy Court,
S.D. Iowa.

Jan. 27, 1984.

---

C.R. Hannan, Perkins, Sacks & Hannan, Council Bluffs, Iowa, for debtors.

Steven H. Krohn, Smith, Peterson, Beckman & Willson, Council Bluffs, Iowa, for Agricultural Production Cr. Assoc.

ORDER OVERRULING OBJECTION TO
CLAIMED EXEMPTION AND OR-
DER DECLARING CERTAIN PROP-
ERTY NOT PROTECTED BY 11
U.S.C. § 522(f)

RICHARD STAGEMAN, Bankruptcy Judge.

The debtors filed a joint petition under Chapter 11 of the Bankruptcy Code on November 15, 1982.

In Schedule B–4 annexed to the debtors' petition, the debtor, Russell Thompson, claimed 210 pigs under six months of age, valued at $4,500, as exempt property under Section 627.6(5), *Iowa Code* (1981).

Under Iowa law a debtor is entitled to hold exempt from execution, among other property, "all pigs under six months." *Id.*

The objecting creditor states that the debtor cannot have the 210 pigs set off as exempt property. The creditor is wrong, the pigs are exempt under Iowa law. *Sparks v. Flesher,* 217 Iowa 1086, 252 N.W. 529 (1934).

In a resistance filed to the creditor's objection, the debtor asserts that not only are the pigs exempt, but the creditor's security interest under 11 U.S.C. § 522(f) is voidable as well. The parties argued this point in briefs so the court will decide it.

11 U.S.C. § 522(f) applies to this case even though the uniform federal exemptions do not by reason of the State of Iowa having declared them nonapplicable. 11 U.S.C. § 522(d); Section 627.10, *Code of Iowa* (1981). See *In re Hill,* 4 B.R. 310 (Bkrtcy.N.D.Ohio 1980).

11 U.S.C. § 522(f) states in material part:
Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . .

(2) a nonpossessory, nonpurchase-money security interest in any—

(a) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtors; . . .

The issue presented by the parties is this: are this farmer's 210 pigs under six months

old "held primarily for the personal, family or household use of the debtor ..."

The court thinks not. The debtor is engaged in the business of farming. He is raising livestock on a commercial scale, and it cannot be argued that the livestock or animals are used as pets or for personal slaughter to be consumed by his family. The debtor is asking the court to effectively eliminate the requirement that these items be held for personal, family or household use for the debtor.

The hogs of this debtor are a capital business venture, financed as such. Congress did not mean to protect the entrepreneur's stock in trade or producer's inventory which is apparent by the restriction to uses of the exempt property for personal or family use. This is easily grasped from a reading of the legislative history. As stated in *In re Hill*, supra:

> Congress enacted 11 U.S.C. Section 522(f) to protect the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 362 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Congress looked to the practice of creditors with judicial liens and nonpurchase money security interests under the Bankruptcy Act and concluded that these creditors had an unfair advantage over the debtor. Congress intended that the debtor use the avoiding power under Section 522(f) of the Bankruptcy Code, to eliminate this unfair advantage. The purpose of Section 522(f) of the Bankruptcy Code is stated in the following excerpt from the House of Representatives Report:
>
> > 'In addition, the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt-property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor.
> >
> > If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions. The second right will be of more significance for the average consumer debtor. Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor's belongings and obtain a waiver by the debtor of his exemptions. In most of these cases, the debtor is unaware of the consequences of the forms he signs. The creditor's experience provides him with a substantial advantage. If the debtor encounters financial difficulty, creditors often use threats of repossession of all the debtor's household goods as a means of obtaining payment.
> >
> > In fact, were the creditor to carry through on his threat and foreclose on the property, he would receive little, for household goods have little resale value. They are far more valuable to the creditor in the debtor's hands, for they provide a credible basis for the threat, because the replacement costs of the goods are generally high. The creditors rarely repossess, and debtors, ignorant of the creditors' true intentions, are coerced into payments they simply cannot afford to make.
> >
> > The exemption provision allows the debtor, after bankruptcy has been filed, and creditor collection techniques have been stayed, to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of nonpurchase money security interests in household goods. Such security interests have too often been used by overreaching creditors. The bill eliminates any unfair advantage creditors have.' H.Rep. No. 95–595, 95th Cong., 1st Sess. 126–27

(1977), U.S.Code Cong. & Admin.News 1978, 6087–6088.

At pp. 315, 316.

It is, ORDERED, that the creditor, Agricultural Production Credit Association's objection to the debtors' exempt property report is overruled.

It is further, ORDERED, that a valid security interest in the debtors' 210 exempt pigs under six months cannot be avoided by the debtors' use of 11 U.S.C. § 522(f).